## PETITION OF TUCKER & a.

A *certiorari*, in our practice, is not a writ of right, and issues only upon petition. It can be sustained upon grounds affecting the rights of the petitioners only, and not upon complaints which affect the rights of others.

It may issue to bring up the proceedings of the court of common pleas in laying out roads, where sufficient ground is shown, but not to cure errors for which there is a specific statutory remedy. Nor to enforce rights growing out of the proceedings.

The petition for a *certiorari* should be brought as soon as the error complained of is discovered; and it may be denied if the petition is unreasonably delayed.

Where the statute provided a remedy for the assessment of land damages to those who should not be notified of the hearing before the commissioners, and it appeared that the petitioners had been but partially notified of the hearing, and that the failure to notify them fully, might well be presumed to have proceeded from accident—*Held*, that the rights of the petitioners being protected by the statute, a *certiorari* should be denied.

PETITION for a *certiorari*; addressed to the justices of this court, at Concord, on the second Tuesday of July, 1853. The petition was as follows:—

" Represent Josephine L. Tucker of Raymond, in said county of Rockingham, single woman, and Gilman H. Tucker, and Abby A. D. Tucker, both of said Raymond, infants, by their guardian, Elbridge G. Dudley of Boston,

in the county of Suffolk and Commonwealth of Massachu-
setts, Esquire, and Nancy D. Tucker of said Raymond,
widow; that the said Josephine L., Gilman H., and Abby
D., are heirs at law of Henry Tucker, late of Raymond,
aforesaid, deceased, and that said Nancy D. Tucker is the
widow of said deceased; that a petition of David Griffin
and others was filed in the office of the court of common
pleas for said county, on the 10th day of August, A. D.
1849, praying for the laying out of a new highway in said
Raymond, therein described; that at the term of said court
holden at Portsmouth, on the third Tuesday of September,
A. D. 1849, said petition was referred to the road commis-
sioners for said county; that such proceedings were had,
that at the term of said court holden at Portsmouth, on the
third Tuesday of September, 1850, a report of said commis-
sioners laying out a highway upon said petition, was re-
turned and accepted by said court.

That the said highway, described in said report, passes
over land in said Raymond, which was part of the estate of
said Henry Tucker, deceased, in part of which said Nancy
D. Tucker has her dower, as widow of said Henry, set off
and assigned to her, and in all which said Josephine L.,
Gilman H. and Abby A. D. Tucker are interested as own-
ers in fee simple or reversion ; that said highway also passes
over land of one James Welch, who was owner thereof in
fee simple.    That no notice of the pendency of said original
petition in said court, or of any hearing before said road
commissioners, or of any proceedings whatever, connected
with or growing out of said petition, was ever given to said
Josephine L., Gilman H., or Abby D., or to the said El-
bridge G. Dudley, guardian as aforesaid, or either of them,
or to any person for them, or either of them, nor to the said
James Welch; that no notice whatever, touching said pro-
ceedings, was ever given to said Nancy T. Tucker, except
a notice to "Nancy Tucker, occupant of a mill privilege,

owner of unknown ;" which was given her, by said commissioners, to attend a hearing before them.

That said highway was laid out over a large tract of land before named in this petition, other and different from said mill privilege, as well as over said mill privilege ; that damages were by said commissioners awarded to Nancy Tucker, in the sum of ten dollars, and to the heirs of Henry Tucker, in the sum of eight dollars and fifty cents, and to said James Welch, in the sum of thirty dollars; that the damages awarded to said Nancy, and the damages awarded to said heirs of Henry Tucker, are entirely inadequate to compensate for the injury to said petitioners, for the damages suffered by them, should said highway be opened. That the public good does not require the laying out or opening of said road, and that the same would not have been laid out, had a full hearing been had by the said land owners.

And your petitioners further represent that at the court of common pleas, holden at Exeter, within and for said county of Rockingham, on the second Tuesday of February, A. D. 1852, an information was filed by John Sullivan, attorney general for the State, against said town of Raymond, for not opening and building said highway, and such proceedings were had thereon, that at the term of said court of common pleas, holden at said Exeter, by adjournment from the February term thereof, in May, A. D. 1853, said town was defaulted, and a fine was assessed upon said town, and an agent appointed by said court to open and build said highway ; and it was ordered by said court of common pleas that no execution against said town, for said fine, should be issued until after the term of the superior court of judicature, then next to be holden for said county, at Concord, on the second Tuesday of July, A. D. 1853.

And your petitioners further represent that no damages, neither the aforesaid sum awarded to the heirs of Henry Tucker, nor any other damages for the estate of said petitioners, respectively, taken for said highway, has ever been

paid or tendered to either of said petitioners, or any person for them, and that no execution has been issued or moved for against said town, for any damages awarded as aforesaid.

And your petitioners, being aggrieved at the proceedings of said court of common pleas in the premises, suggest to the court here the following errors in the record and proceedings of said court of common pleas.

First. That no notice of any hearing before said road commissioners was ever given to said Josephine L. Tucker.

Secondly. That no notice of any hearing before said commissioners was ever given to said Gilman H. Tucker, or Abby A. D. Tucker, or their said guardian.

Thirdly. That no notice of any hearing before said commissioners was ever given to the heirs of Henry Tucker, although damages were awarded them.

Fourthly. That no notice of any hearing before said commissioners was ever given to Nancy D. Tucker, as owner of her land or her estate taken, although damages were awarded to her.

Fifthly. That no notice of any hearing before said commissioners was ever given to James Welch, a land owner, to whom damages were awarded.

Sixthly. That no damages have been paid or tendered to either of said petitioners, for the damages awarded them by said commissioners, and no execution has issued or been moved for against said town, although an agent has been appointed to superintend the making of said highway.

Seventhly. That said commissioners did not, in their report, certify the names of the several owners of land, taken for said highway, to whom notice was given personally, or left at their usual places of abode, respectively, or in what manner notice was given to other like owners.

Wherefore they pray this court to grant a writ of *certiorari*, commanding said court of common pleas to certify and return to this court the records of their proceedings upon

said petition, and that said records and proceedings should here be adjudged erroneous and void."

*French*, for the petitioners.

*Wells*, for the defence.

EASTMAN, J. Some of the grounds taken for allowing the *certiorari* prayed for in this proceeding, are not matters which concern these petitioners. Their grievances may be considered, but not those alleged to affect others. James Welch makes no complaint that he was not notified of the hearing before the commissioners, and it will be time enough to consider whether he has any good cause for complaint, when he shall himself see fit to bring it to the notice of the court. And so also with the seventh reason stated for the issuing of the *certiorari*. If that objection is not a general statement of the previous ones and has any validity in it, the town is the proper party to act in the matter. As it respects individuals, a *certiorari* issues *ex mera gratia*, on petition; *Huse* v. *Grimes*, 2 N. H. Rep. 210; and it is to make right their wrongs, and not those of others, that a court will grant it. Neither should it be granted where the court can see that a party has specific provision by law for the wrongs complained of.

This petition is brought by the heirs at law and widow of Henry Tucker, and the petitioners suggest, in substance, as ground for granting the *certiorari*, that no notice of any hearing before the road commissioners was ever given to either of them, although damages were awarded them. And further, that nothing has ever been paid or tendered to them for the damages awarded by the commissioners.

It appears by the petition that the only notice served upon any of the petitioners was one to " Nancy Tucker, occupant of a mill privilege, owner of unknown." Whether this notice would have been sufficient, had the objection

been taken on the coming in of the report, and all the facts been then considered, it is not necessary for us to say, nor are we prepared to say, as the facts are not before us.

A writ of *certiorari* never issues without an order of court, and may always be denied when the application is made after an unreasonable time. *State* v. *Bishop*, 3 N. H. Rep. 312. It appears to us that the present application is unseasonable, if·not unreasonable. The report was accepted in September, 1850, and this petition was not presented until 1853. It comes at a late day, and there is no suggestion of any cause for the delay.

But we do not propose to deny this petition upon that ground, but upon the ground that the statute makes sufficient provision for all the grievances under which the petitioners labor. By the 10th section of chapter 53 of the Compiled Statutes, it is, in substance, provided that any person who had no actual notice of the laying out or altering of any highway, may, within one year after the same shall be opened and made, apply to the court of common pleas, and the court, after due notice to the town and others interested, shall award damages and costs, and issue execution therefor.

This provision may well be regarded as designed to prevent the quashing of the proceedings in laying out roads where reports have been accepted and the roads established; and without deciding to what extent this section of the statute may be construed to go, in curing defects where notices have not been given, we are clear that it may be applied to a case of the kind before us; and that should this road be opened and made, the petitioners have their remedy for any defect in the award of damages.

All of the petitioners were interested in the mill privilege, as well as the other tract over which the road was laid. The whole property belonged to the heirs and widow of Henry Tucker, deceased. Two of the heirs were minors, and the guardian resided in Boston; and the commissioners might

very likely have found it difficult to ascertain the precise state of the title to the property, and who the owners were, and so gave their notice to Nancy Tucker, under the provisions of the third section of chapter 52 of the Compiled Statutes. That section is as follows: " Such notice shall be given to each owner in person, or left at his usual place of abode, if he is known and resides in the State, otherwise to the person, if any, who has the care or possession of the land."

Ignorance of the proceedings of the commissioners cannot be presumed, under the circumstances, disclosed, although it should be conceded that legal notice was not given. The objections stated should have been raised on the return of the report, when, if well founded, they could have been cured by re-commitment. There is no intimation in the petition that the petitioners were ignorant of the doings of the commissioners, and the impression at once suggests itself that these objections have been held in reserve, to be used as occasion might require.

The petition presents, at best, nothing more than an accidental failure to give legal notice, and we have no doubt that the provisions of the 10th section of the 53d chapter of the Compiled Statues, to which we have referred, are ample for such a case.

The position that no damages have ever been paid or tendered to the petitioners for those awarded, can be no cause for a *certiorari*. The office of a *certiorari* is to bring up the proceedings in the court below for examination, that they may be affirmed or quashed, and not to enforce any rights growing out of those proceedings. *Hopkinton* v. *Smith*, 15 N. H. Rep. 152. If the damages awarded are not paid, the petitioners have an indisputable remedy against the town. As well might a court reverse a judgment on error because the damages recovered were not satisfied, as to quash the proceedings in laying out a road, because the amount awarded to a land owner is not paid.

We entertain no doubt that the *certiorari* should be denied and the

*Petition dismissed.*