CITY OF LINCOLN ET AL., APPELLEES, V. RAY JORDAN, APPELLANT.

FILED DECEMBER 23, 1936. No. 30021.

*Maxwell V. Beghtol, Glen H. Foe* and *J. Lee Rankin,* for appellant.

*Hall, Cline & Williams* and *Flavel A. Wright, contra.*

Heard before Goss, C. J., Rose, Day, Paine and Carter, JJ., and Chappell, District Judge.

Day, J.

This is an appeal by a workman in a compensation case from the judgment in the district court. This case was filed in the compensation court, heard before one of the judges, an award was made, a rehearing by the court waived, and an appeal taken before the district court, as provided by section 13, ch. 57, Laws 1935.

The compensation court awarded the injured workman $12 a week for 55 weeks for temporary total disability, and $3.60 a week for 245 weeks on account of 30 per cent. permanent partial disability. When the case was heard in the district court on appeal, a judgment was entered allowing the workman the sum of $12 a week for 55 weeks for temporary total disability and $1.20 a week on account of 10 per cent. permanent partial disability for 245 weeks. In addition there was an award in both courts for medical services.

The only question presented by this appeal is the extent of the workman's permanent disability, if any. The employee, Jordan, testified that he had been a locomotive fireman on the railroad until his services were discontinued because of lack of business of the railroad; that he was then employed as a laborer; that his back was injured in October, 1934, while he was working for the city; that he was in St. Elizabeth's hospital for 25 days; that his back was put in a plaster cast for approximately eight weeks, after which he wore a canvas body brace until he was compelled in February, 1936, to remove it because it irritated his skin; that he has tried to work, but even light work causes pain to his back making it impossible; that there has been no improvement during the six or eight months immediately preceding the trial.

The employer's physician was attending Jordan professionally for the injury. After a time Jordan became dissatisfied with the results of the treatment and consulted other physicians. They testified as expert witnesses at the

trial. One of them testified that the X-rays showed at that time a fracture of the left transverse process of the third lumbar vertebra. He also testified that there was a separation of the bone which continued to the time of the trial. The two expert medical witnesses called by the defendant do not dispute this testimony. They do dispute the testimony of plaintiff's expert witnesses as to other injuries and testified that the injury was not disabling. However, upon cross-examination they fixed the permanent partial disability at 10 per cent. These witnesses testified that use of the back would cure it, ending the pain, so that Jordan would have no disability that would prevent him from taking up the type of employment he had prior to the accident. The expert medical witnesses for the injured employee testified that the injury to the back was permanent, and that he was unable to do labor of any kind.

This case would present the difficulty which frequently confronts the court in determining between two conjectural and speculative opinions of expert witnesses were it not that certain definite facts stand out in relief from the record. It is certain that the workman was injured; that he suffered a fracture of the left transverse process of the third lumbar vertebra, which has never formed a bony union; that even light labor causes pain and distress; and that the pain is so severe that the workman is unable to work.

It is not overlooked that an expert medical witness testified that Jordan is not disabled and that work would cure him. Of course, says this witness, there would be some slight pain, but it would soon disappear. This opinion evidence is not impressive. Probably the man whose back is injured knows more about the pain than a medical expert who examined him for the purpose of preparing his testimony. This man was injured. Restoring him to health is a medical problem. Must he endure great pain because some medical expert employed by the employer has an opinion that such work might effect a recovery? We think not. During this disability Jordan was called back to work for

the railroad but was rejected for further employment because of the injury to his back. The findings of fact of the trial court that Jordan has a permanent partial disability of 10 per cent. are not conclusively supported by the record. Where the findings of fact of the district court are not conclusively supported by the evidence, the award may be modified or set aside. Laws 1935, ch. 57, sec. 13.

The judgment of the trial court that Jordan has a 10 per cent. disability is not supported by the evidence except by the opinion of expert witnesses. There is no factual basis for such an opinion. The opinion of experts cannot prevail over actual facts. *Reichert v. Northern P. R. Co.,* 39 N. Dak. 114, 167 N. W. 127. There is evidence that this man is unable to do even light work. He has not worked since the accident. It does not appear that he is malingering. An award of $1.20 a week or 10 per cent. disability is not supported by any credible evidence. Where the findings of fact are not conclusively supported by the evidence, a workmen's compensation cause shall be considered *de novo* on the record by this court. Laws 1935, ch. 57, sec. 13.

From the testimony heretofore discussed, this court upon a consideration *de novo* concludes that Jordan, the workman in this case, suffers permanent total disability and is entitled to an award of $12 a week for 300 weeks from date of injury, less the 55 weeks for which he was paid for temporary total disability. In addition he is awarded the sum of $100 attorney's fees in this court.

AFFIRMED AS MODIFIED.