CLARENCE C. BROWN, APPELLEE, V. CITY OF OMAHA, APPELLANT.

4 N. W. (2d) 564

FILED JUNE 12, 1942. No. 31343.

Harold C. Linahan, Edward Sklenicka, W. W. Wenstrand and A. A. Raneri, for appellant.

Hotz & Hotz, William J. Hotz and William F. Dalton, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. Comp. St. 1929, secs. 48-101 to 48-161.

Clarence C. Brown, plaintiff, a former fireman employed by the city of Omaha, defendant, presented to the workmen's compensation court a claim for permanent total disability. In his petition for compensation plaintiff pleaded that, as the result of an accident, he sustained an injury which arose out of and in the course of his employment while engaged in fighting a fire in the basement of a grocery store at Sixteenth and Locust streets, Omaha, September 28, 1939; that the accident consisted of a trauma from inhaling smoke and fumes and from severe physical exertion; that the injuries caused vomiting, severe pain in the arms and chest and developed into coronary occlusion or thrombosis, a permanent total disability. Plaintiff's salary at the time was $140 a month.

Defendant objected to the allowance of the claim on the ground that the disability of plaintiff was due to a preexisting heart disease and not to a compensable accidental injury which arose out of and in the course of his employment.

A trial before a judge of the compensation court resulted in an award for permanent total disability.

On appeal by defendant to the district court the award

was affirmed. Defendant appealed from the affirmance to the supreme court.

In support of the award counsel for plaintiff argue that the allegations of the petition were proved by the evidence; that unforeseen events occurred suddenly and violently at the fire, were accidental and resulted in compensable injury, while plaintiff was performing the duties of his employment as fireman. The proofs show the following facts: Plaintiff was an employee of the city at the time of the fire and performed the duties of his employment there; went into the basement of the grocery store at the fire with the hose and fought the fire as long as he could stand the exertion in the smoke and fumes; went out for fresh air and, when revived, went back to the basement; pursued this method for about three hours. He testified that he was immediately afflicted with severe pains in his head, arms and chest, which he suffered at intervals thereafter. The testimony of physicians shows that plaintiff was unable to work and was suffering from coronary thrombosis, a chronic heart trouble, December 1, 1939.

Counsel for defendant refer to evidence tending to prove that plaintiff suffered from previous chronic arthritis and heart disease and argue that physical exertion and exposure to smoke and fumes, ordinarily incidental to the work of a city fireman in fighting fire, even when combined with a pre-existing heart disease producing coronary thrombosis at a later date, do not constitute an accidental injury compensable under the workmen's compensation law.

The record does not conclusively disclose that the coronary thrombosis was caused by excessive physical exertion and exposure to smoke and fumes. The workmen's compensation law provides that an award of the district court for compensation may be set aside on appeal upon the ground "That the findings of fact are not conclusively supported by the evidence as disclosed by the record, and if so found, the cause shall be considered *de novo* upon the record." Comp. St. Supp. 1941, sec. 48-174. Consequently the appeal calls for an independent conclusion on the record.

*City of Lincoln v. Jordan,* 131 Neb. 879, 270 N. W. 508; *Schmidt v. City of Lincoln,* 137 Neb. 546, 290 N. W. 250; *Schirmer v. Cedar County Farmers Telephone Co.,* 139 Neb. 182, 296 N. W. 875.

The evidence will not sustain a finding that plaintiff was disabled by coronary thrombosis on September 28, 1939, the date of the fire. He was not totally disabled on that date. His own testimony shows that, though suffering pains from exertion and exposure, he was on duty as a fireman until November 10, rested at home for three days, returned to his work and remained an employee in the same capacity until November 20 or later when he called a physician who examined him and procured an electrocardiogram. The tracings thereon, according to the more convincing testimony of experts, did not evidence coronary thrombosis November 29, 1939, or previously. Other tests of the same nature later, about November 30 or December 1, 1939, furnish conclusive evidence of disabling coronary thrombosis. There is evidence that plaintiff had an attack of chronic arthritis which lasted for five weeks in 1937 and that it reappeared after the incidents of September 28, 1939. There is also evidence of previous heart trouble.

An expert explained that "coronary occlusion" is the blocking of one of the arteries of the heart and testified: "I think it is fairly well recognized that no one can have a coronary occlusion * * * unless there has been a disease of the wall of the artery, in which there are scars." The proper inference from the evidence in its entirety is that plaintiff's permanent total disability is not traceable to excessive physical exertion and the inhaling of smoke and fumes while fighting fire September 28, 1939, but to a preexisting heart disease. In addition to evidence of the character outlined, plaintiff himself testified in substance: Other firemen worked alongside of him at the fire; all did practically the same; just took all we could stand; after being in smoke and fumes would come out and vomit, phlegm would come from nose and mouth; others were going out and throwing up like plaintiff.

This testimony of plaintiff indicates what is common knowledge—that the exertion in the handling of fire hose and exposure to smoke and fumes are ordinary incidents of a fireman's employment. When such incidents combine with a preexisting heart disease to produce a total disability in the form of coronary thrombosis, they do not constitute a compensable accidental injury within the meaning of the workmen's compensation law. *Shamp v. Landy Clark Co.*, 134 Neb. 73, 277 N. W. 802.

The conclusion on the entire record is that plaintiff did not make a case for an award of compensation. The judgment of the district court is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.