**WILMINGTON FIBRE SPECIALTY COMPANY, Employer-Appellant,**

v.

**Helene RYNDERS, Employee-Appellee.**

Superior Court of Delaware,
New Castle.

Feb. 6, 1974.

**230** ■ ▬▬▬▬▬▬▬▬▬▬

------◆------

Stephen P. Casarino, of Tybout, Redfearn & Schnee, Wilmington, for employer-appellant.

Oliver V. Suddard, Wilmington, for employee-appellee.

TAYLOR, Judge.

This is an appeal by Wilmington Fibre Specialty Company [employer] from a decision of the Industrial Accident Board [Board] which held that Helene Rynders [employee] sustained a permanent functional impairment to her back caused in part by an accident on September 15, 1967 and in part by the anxiety neurosis and awarded permanent injury benefits to employee for a period of two hundred forty weeks, representing an eighty percent permanent functional impairment to employee's back.

Employee, while in the course of her employment for employer on September 15, 1967, while walking down a ramp, slipped and fell, injuring her coccyx. On October 2, 1967 employee commenced treatment with Dr. James Waddell, an orthopedic surgeon, for pain the coccygeal area. On March 1, 1968 he performed a coccygectomy. The pain persisted after the operation, and it was ascertained by X-ray examination that a segment of the coccyx had not been removed. On September 16, 1968 the upper segment of the coccyx was removed. This too failed to produce improvement. Dr. Prerre LeRoy commenced treating employee in December, 1968. In January, 1969 he performed a radio frequency lesion to interrupt the nerve function, but this again failed to relieve employee. On April 24, 1969 he removed a painful nodule of nerve tissue, but this also failed to correct the condition.

According to employee, she has disabilities involving her low back, her left leg and her neck. She cannot sit down or lie on her back. She can bend her body only to a limited extent and is unable to lift even a small amount of weight. Her left leg is numb and she has difficulty moving it. She also has difficulty in turning her neck. All of the physicians who testified, with the exception of Dr. Joseph Arminio, concluded that employee's complaints of pain were real and sincere and that they related to the 1967 accident, and the operations which followed. They were also in agreement that in the absence of the pain, employee would have no significant degree of disability. All of the doctors agreed that many who have had the coccyx removed still experience substantial pain. Although the physicians failed to find a physical justification for the disability, no one found employee capable of performing normal functions. They agreed that pain can be disabling.

■ The issue before the Board was whether there was a permanent loss of use of a member or part of the body and whether such loss of use was caused by an accident within the meaning of the Workmen's Compensation Law, 19 Del.C. §

2326(g). Ernest DiSabatino & Sons, Inc. v. Apostolico, Del.Supr., 269 A.2d 552 (1970). Loss of use should be determined based upon the ability of the employee to use the member or part, and conversely, the loss of use represents that degree of normal use which is beyond the ability or capability of the employee.

Employer contends that a condition "caused by mental factors" is not compensable. The cases relied on are discussed below.

In Burton Transportation Center, Inc. v. Willoughby, Del.Supr., 265 A.2d 22 (1970), the Delaware Supreme Court stated:

> "We think, on the other hand, that the term 'part of the body' is intended to refer to some specific identifiable member or organ of the body, and should not be stretched to include a general condition of psychosis or neurosis."

There, the Supreme Court refused to permit compensation for a "general condition of psychosis or neurosis" because it was not identifiable with a specific member or organ of the body. Further, the Court commented that traumatic neurosis "is not usually looked upon as a kind of injury which is necessarily a presumably *per se* disabling . . . ". It is clear that in *Willoughby* the Supreme Court did not have before it evidence showing loss of use of an organ or member of the body resulting from psychosis or neurosis and the Court was not precluding compensation for disability of a member of the body which stemmed from psychosis or neurosis.

■ In Guy Johnston Construction Co. v. Kennedy, Del.Supr., 287 A.2d 658 (1972), the Delaware Supreme Court in discussing *Willoughby* distinguished a general condition of psychosis or neurosis which was not localized as to a member or organ of the body from a loss of use of a specific identifiable member or organ of the body. The latter is compensable under 19 Del.C. § 2326(g), ibid., while the former is not compensable. In view of the facts of that case, the Court found it unnecessary to discuss the validity of an award based solely on psychological factors.

Rice's Bakery v. Adkins, Del.Supr., 269 A.2d 215 (1970), involved a claim for workmen's compensation for permanent total disability based upon psychosomatic back disability. Although the matter was remanded to the Board for findings upon the causal connection between the industrial accident and the psychosomatic back disability from which employee suffered, the Supreme Court stated:

> "The law seems settled that, provided a sufficient causal connection is proved by competent evidence between an industrial accident and a resulting psychological or neurotic disorder resulting therefrom, such disability is compensable under Workmen's Compensation Law. See Fiorucci v. C. F. Braun & Co., 4 Storey 79, 173 A.2d 635 (Del.Super. 1961). We so hold."

The philosophy of *Adkins* was reasserted and extended in Sears, Roebuck and Company v. Farley, Del.Supr., 290 A.2d 639 (1972) in the following language:

> It is, of course, true that an award for a postraumatic hysteria may be made when the hysteria occurs when a worker sustains a primary disabling physical injury and thereafter develops a secondary mental condition which causes him to believe that he still suffers from the disabling effects of the physical injury, even though he has in fact fully recovered physically."

In Avon Products, Inc. v. Lamparski, Del. Supr., 293 A.2d 559 (1972) the Delaware Supreme Court reaffirmed the principle.

The Delaware holdings are consistent with holdings in many states. 1A Larson, Workmen's Compensation Law, 7–359, § 42.22, recognizing that in view of the Delaware statute, allowance based on permanency must relate to loss of use of a member or part of the body. Ibid, p. 7–369, § 42.22.

■ One element which properly may be considered in determining disability is whether a function can be performed only by undergoing considerable pain. 2 Larson, Workmen's Compensation, 88.6, § 57.-51; 11 Schneider, Workmen's Compensation Law, 496, § 2313. This standard is applicable regardless of whether the issue is inability to work or loss of use.

■ Pain which is not associated with loss of use is not compensable under Workmen's Compensation Law. 58 Am. Jur. 785, Workmen's Compensation § 292. However, pain of movement may constitute an inhibitory force which prevents movement or use.

■ Employer argues that since pain is a subjective matter, an impairment of use which derives wholly or in part from pain is not a lost use within the Workmen's Compensation Law. This is based on the premise that pain is subjective and cannot be established objectively. Admittedly, in evaluating such loss, one must be on guard against deception. Deception may exist in some cases. However, in this case, no physician has questioned the reality of employee's experience of pain or her inability because of the pain to use her back and leg. Cf. Avon Products, Inc. v. Lamparski, Del.Supr., 293 A.2d 559 (1972). It is undisputed that it is not within the capability of this employee to use her back, leg or neck to some degree.

Dr. LeRoy found eighty percent or more permanent loss of use of the low back and ten to fifteen percent permanent loss of use of the leg. Dr. John Hogan and Dr. Arminio evaluated employee's disability from the removal of the coccyx as a ten percent loss. In each case this evaluation was not based on observed loss of use but on a statistical chart published by the American Medical Association.

Employer argues that Dr. LeRoy's evaluation is speculative because he is unable to establish the physical origin of the pain and because he cannot measure the amount of pain. It appears that the evaluation of loss indicated the extent to which employee was unable to use her back and leg based upon his observation of employee during examinations. This is a proper basis of evaluation.

■ In reviewing a decision of the Board, it is the function of this Court to determine whether there was substantial competent evidence in the record upon which to support the Board's findings and conclusions. Johnson v. Chrysler Corporation, Del.Supr., 213 A.2d 64 (1965). There is ample competent evidence of loss of use of the back. While employer takes issue with Dr. Leroy's findings, it is clear that Dr. LeRoy found an eighty percent or greater impairment of function of the low back area. This alone is sufficient to support the finding of the Board. Moreover, it does not appear from the record that the other doctors who evaluated the loss of function considered that loss in terms of employee's actual capability. The permanency of employee's condition, based on the present record, has not been in dispute. It appears that in basing its award upon a finding of "permanent functional impairment", the Board was making its determination of loss of use as provided by 19 Del.C. § 2326(g).

The Court finds that the Board's findings and conclusions are supported by substantial competent evidence and are supported by law.

Accordingly, the decision of the Board is affirmed.

It is so ordered.