MICHAEL L. CAIN, APPELLEE, v. LA GRANGE STEEL ERECTORS, INC., ET AL., APPELLANTS.

237 N. W. 2d 640

Filed January 22, 1976. No. 40058.

M. J. Bruckner and Richard D. Sievers of Marti, Dalton, Bruckner, O'Gara & Keating, for appellants.

Robert T. Grimit of Baylor, Evnen, Baylor, Curtiss & Grimit, for appellee.

Heard before SPENCER, BOSLAUGH, and BRODKEY, JJ., and COLWELL and RIST, District Judges.

RIST, District Judge.

This is a workmen's compensation case. Plaintiff sustained injuries to both feet as a result of an accident on December 27, 1972, arising out of and in the course of his employment by the defendant, La Grange Steel Erectors, Inc. The one judge Workmen's Compensation Court found and determined that plaintiff sustained a 20 percent permanent partial disability to his right foot and made an award accordingly. On rehearing before the Workmen's Compensation Court en banc, that court found that plaintiff had sustained permanent partial disabilities to both his right and left feet and being a two-member permanent partial disability under section 48-121(3), R. R. S. 1943, resulted in a 13 percent permanent partial disability of plaintiff's body as a whole. Defendants appealed to the District Court which affirmed the en banc judgment of the Workmen's Compensation Court and defendants have now appealed to this court.

The appropriate rule on review of a case such as this is: "The District Court shall set aside a judgment of the Workmen's Compensation Court on rehearing only upon the grounds provided by statute, which include '(3) the findings of fact by the court are not supported by the record.' § 48-184, R. R. S. 1943; * * *. The Supreme Court on an appeal from the District Court in a workmen's compensation case may set aside the judgment of the District Court only upon the grounds provided by statute, which include '(3) the findings of fact are not supported by the evidence as disclosed by the record.' § 48-185, R. R. S. 1943. If this court so finds,

it then considers the matter de novo." McPhillips v. Knox Constr. Co., Inc., 190 Neb. 306, 208 N. W. 2d 261.

Defendants' principal contention is that there is no evidence to support a finding of any permanent disability to plaintiff's left foot, it being conceded there is evidence to support a finding of permanent partial disability to plaintiff's right foot.

The record reflects that plaintiff, while working as an ironworker on December 27, 1972, fell approximately 25 feet, landed on his heels, and sustained fractures of the calcaneus of both feet, with joint involvement in the right foot. Dr. James K. Styner, who was the attending physician, commenced treatment on the date of the accident, inserting a pin in the right foot and putting both feet in casts. Subsequently the pin and casts were removed. Plaintiff continued under Dr. Styner's care and treatment and remained off work until March 18, 1974, when he returned to limited construction work. Up to this time plaintiff's complaints to Dr. Styner dealt with his right foot.

On April 25, 1974, plaintiff complained to Dr. Styner of pain in both feet. On this date Dr. Styner found that the left foot demonstrated normal anatomy and testified he felt the pain was due to the recent physical activity of plaintiff after having been off work for an extended period, but that if the pain continued he would have to assume it was based on either an anatomical or psychological reason and that he did not believe plaintiff was a malingerer. He concluded that while X-rays did not reveal any basis for pain in the left foot, it did not mean a problem did not exist, but that he would not give an opinion of disability at that time, believing that further observation of the left foot was necessary.

Dr. Andris Matisons first saw and examined plaintiff on January 11, 1974, and for the second and last time on May 24, 1974. The plaintiff gave Dr. Matisons essentially the same history respecting the accident as was given Dr. Styner as well as a history of Dr. Styner's

treatment. At the examination on January 11th, plaintiff complained primarily of pain in his right foot and Dr. Matisons on that date found that plaintiff had a permanent partial disability in the right foot.

When Dr. Matisons examined plaintiff on May 24, 1974, plaintiff stated that he had returned to work but could not perform his work as an ironworker except on flat surfaces; that he could work only for several days a week; and that he suffered pain in both feet which increased the more he was on his feet. Examination of the left foot on that date revealed no limitations of motion or deformity.

When Dr. Matisons was asked if plaintiff had any permanent disability of the left foot the following testimony resulted: "A Based on the history of his injury, the X-rays of the fracture and above all his complaints of pain in the left foot, I would have to say that he does have a disability. * * * Q Based upon reasonable medical certainty, Doctor, do you think his disability is permanent? Do you have an opinion as to whether it is permanent? A I really don't. I would really have to be guessing one way or the other. * * * Q Do you have an opinion as to whether or not this is permanent? A Yes, I would. Q And is it permanent? A I would like to say it is a very thin line but I would have an opinion on it. He has developed this pain since returning to work and as far as I can tell if he continues the same type of activity and work he will continue to have the same type of thing. Q So you would conclude that this is permanent? A If he continues the same type of work that he is doing in this field it will be permanent."

On cross-examination Dr. Matisons was asked if there was any objective evidence to support an opinion of permanent disability of the left foot. Dr. Matisons' response was: "The one of a previous fracture of the os calcis on that side and I believe it had been testified to before that we can see the bone damage, if the bone is damaged. We do not see what happens to the cartilage

and soft tissues that are actually involved directly around the joint. In this case most likely the cartilage. If the blow was hard enough to break the bone then there is very likely damage to the cartilage. * * * Q So * * * you acknowledge that any opinion of permanent disability of the left ankle is premised solely on his testimony of pain that he has now, is that correct? * * * (Answer) I base my judgment on the complaint of pain by the individual and also knowing that a previous fracture of the left os calcis was present which could produce this type of pain."

Defendants argue that the only medical evidence supporting a finding of permanent partial disability to the left foot is the opinion of Dr. Matisons; that this is a guess; and that it rests on what plaintiff told him respecting pain and on no objective medical evidence and, therefore, the opinion is of no probative value. This is not an accurate reflection of the record. Whatever may be said concerning the relative strength or weakness of Dr. Matisons' opinion, it is clear that it rests on his knowledge of the nature of the accident, the fracture of the os calcis of the left foot, plaintiff's complaints of pain, and the doctor's knowledge of soft tissue damage occurring in this type of accident and injury.

It is worth noting that while Dr. Styner was unwilling to give an opinion at the time of his testimony concerning the left foot, he did testify as follows: "You cannot break a bone and take that kind of compression onto a joint. I don't care if you break it or not, you can do some damage to it and a cartilage you can't see radiographically and it is on that basis that I cannot say, yes, there is nothing there because there can be and you have got to stand the test of time to determine whether there is or not." In some measure therefore the disagreement of the doctors is not that permanent injury to the left foot cannot be determined on the basis of the evidence in the record but rather

when in point of time such a conclusion may properly be reached.

We cannot say that the decision of the Workmen's Compensation Court en banc was without any basis in the evidence. The following rule in Marion v. American Smelting & Refining Co., 192 Neb. 457, 222 N. W. 2d 366, is applicable: "Where the record in a case reflects nothing more than a resolution of conflicting medical testimony, there appears no purpose in this court substituting its judgment of facts for the judgment of the compensation court."

Defendants also contend that since there is no physical limitation to plaintiff's left foot as a result of the fracture but only a claim of pain, plaintiff is not entitled to compensation as pain alone is not compensable. While this court in some contexts has held that pain alone is not compensable it has never held that where the use or function of a specified body member cannot be had without substantial pain such as to interfere with the use of such member it would not be treated as a compensable loss. This court has held that pain can be a basis for compensable loss in an industrial disability situation under section 48-121(1), R. R. S. 1943. City of Lincoln v. Jordan, 131 Neb. 879, 270 N. W. 508. There is no reason why it may not form the basis for compensable loss where the loss of use or function of a specific body member is considered under section 48-121(3), R. R. S. 1943.

Pain in relation to loss of a specific member was considered in detail by the Georgia Court of Appeals in Williamson v. Aetna Casualty & Surety Co., 101 Ga. App. 220, 113 S. E. 2d 208, which held in part: "In injuries to specific members, loss of use, or disability, must necessarily be rated on the basis of pain among other factors, for where pain is sufficiently severe to prevent a normal function of the member a partial loss of use of that member results." Such reasoning is appropriate in this case.

There is evidence in this record that plaintiff's pain in both feet is the proximate result of the accident previously described and sufficiently severe to limit the use and function on a permanent basis. This evidence was obviously accepted by both the Workmen's Compensation Court and the District Court and we cannot say it was error to do so.

We affirm the judgment. Plaintiff is allowed an attorney's fee of $750 for services in this court.

AFFIRMED.