Original
No. 78-190

## HAROLD W. WOOD

v.

## GENERAL ELECTRIC COMPANY, ELECTRICAL MUTUAL INSURANCE CO.

AND

## STATE OF N.H. DEPARTMENT OF LABOR

May 9, 1979

*Upton, Sanders & Smith,* of Concord (*Gary B. Richardson* orally), for the plaintiff.

*A. J. McDonough, P.A.,* of Manchester (*John P. Shea* orally), for defendants General Electric Company and Electrical Mutual Insurance Company.

LAMPRON, C.J. The plaintiff challenges a workmen's compensation award made by the commissioner of labor. The plaintiff filed a petition for a writ of certiorari in this court after an appeal from the commissioner's decision was dismissed by the superior court. The two issues raised by the writ are whether the plaintiff diligently filed the present petition, and whether loss of use of a specific body member because of pain caused by an industrial accident is compensable under RSA 281:26. For the reasons below, we grant plaintiff's petition for a writ of certiorari as diligently filed and hold that loss of use of a specific body member because of pain is compensable under RSA 281:26.

The plaintiff injured his right leg as a result of an industrial accident in 1972 and filed for workmen's compensation benefits. On April 20, 1977, the Merrimack County Superior Court ruled that plaintiff Wood had suffered a work-related injury compensable under RSA 281:26. A hearing was held before the labor commissioner on the issue of the degree of permanent loss of use of Wood's leg. In a written report, dated August 2, 1977, the labor commissioner found a ten percent permanent partial disability and awarded 21.4 weeks of compensation. RSA 281:26 I b & v. On August 24, 1977, plaintiff appealed to the superior court. The essence of plaintiff's appeal was that the labor commissioner's decision was erroneous as a matter of law because he refused to consider pain in his determination of Wood's permanent impairment. The defendants, General Electric Company and Electric Mutual Insurance Company, on October 4, 1977, filed a motion to dismiss and on May 23, 1978, both the merits of the appeal and defendant's motion to dismiss were heard before a master. The Master (*Robert A. Carignan*) recommended that plaintiff's appeal be dismissed because the superior court lacked jurisdiction to hear the case in view of RSA 281:26 IV. The master's recommendation was approved by the Superior Court, *Batchelder,* J. After the superior court denied plaintiff's appeal on July 18, 1978, the plaintiff filed his petition for a writ of certiorari on August 3, 1978.

RSA 281:26 IV states that, "[i]n the event of dispute as to . . . percentage of permanent partial loss or losses the same shall be determined by the labor commissioner on the basis of compe-

tent medical evidence and said findings shall be final." Under RSA 281:26 IV, there is no statutory right of appeal from a commissioner's award for permanent partial disability. Consequently, "[t]he trial court properly dismissed plaintiff's appeal for lack of jurisdiction." *Dodier v. Dep't of Labor*, 117 N.H. 315, 317, 373 A.2d 341, 342 (1977). "Certiorari is therefore a proper remedy." *Id*. Although the defendants agree that certiorari is the proper remedy, they argue that the writ should not issue because of plaintiff's lack of diligence in filing the petition.

Certiorari is an extraordinary remedy and is not granted as a matter of right but rather at the discretion of the court when the substantial ends of justice require such relief. *State v. N.H. Retail Grocers Ass'n*, 115 N.H. 623, 625, 348 A.2d 360, 362 (1975). Our statute and rules do not limit the time within which a petition of certiorari must be filed. Nonetheless, this court will refuse to exercise its discretion when the petition has been filed after an unreasonable length of time. *Petition of Tucker*, 27 N.H. 405, 410 (1853). Recently, in *Wilson v. Personnel Comm'n*, 117 N.H. 783, 378 A.2d 1375 (1977), we stated,

> Where the legislature has acted to provide an appeal period in a substantively analogous situation, that appeal period will prove a fair guideline as to what constitutes a reasonable time. In the absence of any such legislative guideline, the court must look to all the facts and circumstances and determine whether the petitioning party is guilty of unreasonable delay. (Citations omitted.)

*Id*. at 784, 378 A.2d at 1377.

Our inquiry is focused on whether the legislature has provided a "substantively analogous" provision for workmen's compensation appeals. RSA 281:37 provides the details of the appeal procedures for workmen's compensation claims when the commissioner's decisions are not final. "An appeal from a decision of the commissioner . . . may be taken to the superior court no later than *30 days* from the date of such decision." RSA 281:37 I (emphasis added). The provisions of RSA 281:37 I apply to appeals that are "substantively analogous" to the present claim. Therefore, the statutory time period of thirty days "must be deemed to provide a fair guideline as to the reasonable time for filing a certiorari petition." *Wilson v. Personnel Comm'n*, 117 N.H. 783, 785, 378 A.2d 1375, 1377 (1977). This thirty-day time period only serves as a guideline and a lapse of time will not automatically bar a writ from being issued when there exist "circumstances excusing the delay." *Id*.

In *Wilson*, when we adopted an analogous time guideline for certiorari petitions from personnel commission orders, we held the rule to be prospective in operation. *Id*. In the present case, we also think that justice would be better served by applying the RSA 281:37 I time guideline to future certiorari petitions under the workmen's compensation statute.

■■ Because our ruling is prospective, our procedural inquiry is not ended; we must still determine whether the petition should be dismissed because of laches. *See Firemen's Annuity and Benefit Fund v. Krueger*, 24 Wis. 2d 200, 128 N.W.2d 670 (1964). *See generally* Annot., 40 A.L.R.2d 1381, 1385 (1955). "Laches, unlike limitation, is not a mere matter of time, but is principally a question of the inequity of permitting the claim to be enforced—an inequity founded on some change in the conditions or relations of the property or the parties involved." 14 AM. JUR. 2d *Certiorari* § 30, at 807 (1964). The defendants argue that they were prejudiced and inconvenienced because they had to go through the expense of an unnecessary trial. Defendants filed a motion to dismiss before trial, and it was pending when the master heard the case on the merits. It was the master, not the plaintiff, who decided to hear the case and dismiss the case after trial. After the trial court's decision on July 18, 1978, the plaintiff promptly petitioned for certiorari to this court on August 3, 1978. This court has indicated it will not be reluctant to grant certiorari when a tribunal has made an error of law. *See Wilson v. Personnel Comm'n*, 117 N.H. 783, 378 A.2d 1375 (1977); *Connell's New & Used Cars, Inc. v. State*, 117 N.H. 531, 375 A.2d 257 (1977). We do not consider defendants' allegation of prejudice to be substantial when compared to the importance of the question of law that must be determined. In addition, defendants knew all along that plaintiff was attempting to pursue his claim, thus there can be no valid contention of surprise. Therefore we will proceed with the merits of the petition.

"The only question before us is whether the . . . [commissioner] has acted illegally in respect to jurisdiction, authority or observance of the law, thereby arriving at a conclusion which could not be legally or reasonably made." *Dodier v. Dep't of Labor*, 117 N.H. 315, 317, 373 A.2d 341, 342 (1977) quoting *Tasker v. Personnel Comm'n*, 115 N.H. 204, 206, 338 A.2d 543, 544 (1975). The legal question is whether the loss of use of a specified body member that is caused by substantial pain constitutes a loss compensable under the workmen's compensation statute. RSA 281:26.

Wood suffered a crush injury to his right groin as a result of an industrial accident in 1972. The medical diagnosis was "traumatic

sectioning of the lateral femoral cutaneous nerve on the right and sympathetic reflex dystrophy." Dr. Robert Rose stated, in a deposition submitted to the labor commissioner, that a particular nerve in Wood's groin area had been disrupted and as a result Wood suffered a "sympathetic reflex dystrophy [which] is a clinical syndrome of vasospasm and pain following an injury to a part of the body. Vasospasm means that the blood vessels that supply the area become very constricted and that the area subsequently gets less blood, becomes cold, pale, sweaty and painful." Doctor Rose further testified that Wood's,

> disability appears to be primarily one of pain rather than function. In other words, he's got good strength in that leg, that area of numbness really isn't disabling other than it might be uncomfortable, but he says that he has pain, and it is a feeling of tenseness and swelling and aching in his groin and his right thigh, and any time that he does any heavy work or exercise or is exposed to cold, he becomes uncomfortable, so I would say that his disability is one of pain upon doing any heavy work or exercise.

Since the accident, Wood has been treated with nerve blocks, a local anesthetic injected into the affected area to relieve the pain. The claimant continues to receive such treatment at intervals of three to four months. It was Doctor Rose's opinion that although the pain could be temporarily alleviated by this treatment, the pain would continue and Wood's partial loss of use of his leg was permanent. There is no dispute as to the seriousness of plaintiff's injury. In fact, Dr. Rose testified that there are a number of medical conditions that can indicate whether a person is suffering pain. "[W]e know that when somebody has intense vasospasm that it is painful. There are various medical conditions in which blood flow ceases to an extremity and when this happens the extremity becomes very painful." This can be medically determined in Wood's case by the temperature level of the injured leg, which gets colder when the blood flow is restricted.

The commissioner of labor on the issue of the degree of disability to Wood's leg stated in his decision:

> A permanent partial disability award under Section 26 must be measured by the actual loss; that is, the amputation or by loss of use of the member. In this case, a great amount of the permanent partial assessment by medical evidence has been related to pain rather than the two other criteria established by the Acts. Therefore, such added assessment cannot be considered in establishing the permanent partial

percentage on which to base an award. Accordingly, it is determined that the claimant has a 10% permanent partial disability of the right lower extremity amounting to 21.4 weeks of compensation at the weekly rate of $92.00.

■ The defendants argue that the commissioner's decision was correct, because pain and suffering should not be relevant in assessing a workmen's compensation claim. It is true that by the enactment of the workmen's compensation statute an employee loses the right to sue his employer for damages for pain and suffering. *Archie v. Hampton*, 112 N.H. 13, 16, 287 A.2d 622, 624 (1972); 1 A. LARSON, WORKMEN'S COMPENSATION LAW § 2.40 (1978). Defendants misapply the law. An award for pain and suffering is not the issue presented for our review; rather, the issue is whether the loss of use is compensable when pain interferes with the use of a body member.

■ RSA 281:26 II provides that "scheduled awards . . . accrue to the injured employee simply by virtue of the loss or *loss of the use* of a member of the body. . . ." (Emphasis added.) "Loss of use should be determined based upon the ability of the employee to use the member or part, and conversely the loss of use represents the degree of normal use which is beyond the ability and capability of the employee." *Wilmington Fibre Specialty Co. v. Rynders*, 316 A.2d 229, 231 (Del. Super. Ct. 1974), *aff'd*, 336 A.2d 580 (Del. 1975). We hold that pain of movement can be the legal cause of the loss of use of a body member. *Wilmington Fibre Specialty Co. v. Rynders*, 316 A.2d 229 (Del. Super. Ct. 1974), *aff'd*, 336 A.2d 580 (Del. 1975); *Cain v. LaGrange Steel Erectors, Inc.*, 195 Neb. 272, 237 N.W.2d 640 (1976); *Walker v. Compensation Dep't*, 248 Ore. 195, 432 P.2d 1018 (1967); *Williamson v. Aetna Cas. & Sur. Co.*, 101 Ga. App. 220, 113 S.E.2d 208 (1960). "In injuries to specific members, loss of use, or disability, must necessarily be rated on the basis of pain among other factors, for where pain is sufficiently severe to prevent a normal function of the member a partial loss of use of that member results." *Williamson v. Aetna Cas. Sur. Co.*, 101 Ga. App. 220, 223, 113 S.E.2d 208, 211 (1960).

■ The commissioner of labor did not consider medical proof that a substantial degree of pain interfered with the use of plaintiff's leg as relevant to the issue of loss of use of that member. The commissioner's decision is, therefore, incorrect as a matter of law, and plaintiff's petition for a writ of certiorari is granted. *Dodier v. N.H. Dep't of Labor*, 117 N.H. 315, 373 A.2d 241 (1977). The case is remanded to the commissioner of labor to redetermine the extent of the loss of use of the

claimant's leg. He shall consider relevant any medical proof of pain that would prevent the normal functioning of plaintiff's right leg.

*Remanded.*

All concurred.