Original
No. 7760

DET. LT. RALPH A. WILSON & a.

v.

THE PERSONNEL COMMISSION OF
THE STATE OF NEW HAMPSHIRE

October 17, 1977

*Brown & Nixon,* of Manchester *(Mr. David W. Hess* orally), for the plaintiffs.

*David H. Souter,* attorney general, and *David W. Marshall,* attorney *(Mr. Marshall* orally), for the defendant.

BOIS, J.   The plaintiff state employees contest a decision made by the defendant department of personnel with respect to the evaluation and classification (by labor grade) of their positions. The personnel commission denied plaintiffs' request for a rehearing on February 4, 1977. Plaintiffs' petition for certiorari was filed fifty-eight days thereafter, on April 5, 1977. The sole issue presently before us is a procedural one; namely, whether the plaintiffs' petition for certiorari from the adverse decision of the personnel commission was timely filed.

Where an appeal is "authorized by law" (RSA 541:2), an applicant must, to preserve his appellate rights, file his application "[w]ithin thirty days after the application for a rehearing is denied. . . ." RSA 541:6. However, appeals from the personnel commission are "authorized by law" only where a "permanent employee . . . is dismissed or demoted or . . . suspended. . . ." RSA 98:15 (Supp. 1975); *Tasker v. N.H. Personnel Comm'n,* 115 N.H. 204, 338 A.2d 543 (1975). Where, as here, there is no appeal authorized by statute, the applicant must proceed by certiorari, RSA 490:4 (Supp. 1975), which is limited to the issue of whether the commission "acted illegally in respect to jurisdiction, authority or observance of the law. . . ." *Tasker v. Personnel Comm'n supra.* There is no statutory provision setting any time limit during which an aggrieved party must file his certiorari petition.

Where the legislature has acted to provide an appeal period in a substantively analogous situation, that appeal period will prove a fair guideline as to what constitutes a reasonable time. *Boody v. Watson,* 64 N.H. 162, 189, 9 A. 794, 814 (1886). In the absence of any such legislative guideline, the court must look to all the facts and circumstances and determine whether the petitioning party is guilty of unreasonable delay. *See Nashua v. Public Utili-*

*ties Commission*, 101 N.H. 503, 507, 148 A.2d 277, 280 (1959); Annot., 40 A.L.R.2d 1381, 1385 (1955).

The legislature has provided a period of thirty days in which an aggrieved party may seek review of an order of the personnel commission dismissing, demoting, or suspending an employee. RSA 98:15 (Supp. 1975); RSA 541:6. This statutory appeal period, since it governs in cases substantively analogous to the instant case, must be deemed to provide a fair guideline as to the reasonable time for filing a certiorari petition. A party petitioning for relief after the expiration of such an analogous statutory appeal period would be acting within a reasonable time only if there were circumstances excusing the delay. *See Nashua v. Public Utilities Commission*, 101 N.H. at 507, 148 A.2d at 280; *Petition of Tucker*, 27 N.H. 405, 410 (1853).

In the instant case the petition was filed outside the analogous statutory appeal period, and there are no apparent circumstances excusing the delay. However, because the procedural law in this area has previously not been clearly enunciated, justice is better served if the rule set forth in this opinion is applied only prospectively. *Alexander v. Orford School District*, 117 N.H. 641, 377 A.2d 127 (1977); *Demoulas v. Salem*, 116 N.H. 775, 367 A.2d 588 (1976). Accordingly, it is ordered that petitioners may proceed on the merits of their petition.

*Motion to dismiss denied.*

All concurred.