Hillsborough
No. 82-241

### CHAUFFEURS, TEAMSTERS, AND HELPERS LOCAL UNION NO. 633 OF NEW HAMPSHIRE *& a.*

v.

### SILVER BROTHERS, INC.

December 10, 1982

*Leonard, Prolman & Leonard P.A.*, of Nashua (*Thomas J. Leonard, III*, on the brief and orally), for the plaintiffs.

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Wilbur A. Glahn, III*, and *James R. Muirhead* on the brief, and *Mr. Glahn* orally), for the defendant.

PER CURIAM. This is an appeal by the defendant, Silver Brothers, Inc., from a ruling by the Superior Court (*Flynn*, J.) vacating a decision of the New Hampshire Board of Conciliation and Arbitration made pursuant to RSA 273:15–:27. We hold that the superior court should have dismissed the case as untimely, and accordingly we vacate its order.

The defendant had discharged an employee for misconduct, and the employee filed a grievance report setting in motion the grievance procedures called for in the collective-bargaining agreement between the plaintiff union and the defendant. The chairman of the board of conciliation and arbitration held a hearing and rendered a decision adverse to the employee on July 24, 1981. Six days later, the employee sought reconsideration, but this was denied on September 2, 1981. Two-and-one-half months later, on November 19, 1981, the union and employee filed a motion in superior court to vacate the decision of the arbitrator. This motion was ultimately granted.

Because the arbitration in this case occurred under RSA chapter 273 and not under RSA chapter 542, we are governed by the provisions of RSA 273:20, which provides that decisions in labor cases before the board "shall be final." As there is no statutory right

of appeal under RSA chapter 273, any relief from decisions of the agency must be by a petition for a writ of certiorari. *See Appeal of Connolly*, 122 N.H. 678, 680, 448 A.2d 422, 423 (1982); *Appeal of MacEachran*, 121 N.H. 1070, 1071, 438 A.2d 302, 303 (1981).

■■ Because RSA chapter 273 does not provide any statutory means for judicial review, it does not establish any time for appeal against which the timeliness of the filing in the superior court can be measured. This court, however, has exercised its discretion to bar such petitions when they are filed after an unreasonable length of time. In *Wilson v. Personnel Comm'n*, 117 N.H. 783, 378 A.2d 1375 (1977), we ruled that the reasonable period for filing a petition for a writ of certiorari would be determined by the appeal period set out in a substantially analogous statute or situation. *Id.* at 784, 378 A.2d at 1377.

■ In this case, because RSA chapter 273 provides no appeal period, the appropriate analogous statute is RSA chapter 541, which governs appeals from State administrative bodies. RSA 541:6 requires that appeals from State administrative agencies be taken within thirty days after a request for reconsideration is denied. Therefore, the thirty-day period is the appropriate guideline for review by certiorari in this case. *See Wood v. General Elec. Co.*, 119 N.H. 285, 288, 402 A.2d 155, 157 (1979) (citing *Wilson v. Personnel Comm'n*, 117 N.H. 783, 784, 378 A.2d 1375, 1377 (1977)).

■ The final decision of the arbitrator was issued on September 2, 1981, and any petition for review must have been filed in the superior court by October 2, 1981. The petition was not filed until November 19, 1981, and therefore should have been dismissed.

*Superior Court order vacated; case dismissed.*