Strafford
No. 87-337

WENTWORTH–DOUGLASS HOSPITAL

v.

NEW HAMPSHIRE DEPARTMENT OF HEALTH AND WELFARE, DIVISION OF WELFARE

December 30, 1988

*Fisher, Willoughby, Clancy, Woodman & Durand,* of Dover (*Karl O. Durand* on the brief and orally), for the plaintiff.

*Stephen E. Merrill,* attorney general (*David S. Peck,* assistant attorney general, on the brief and orally), for the State.

THAYER, J. The plaintiff, Wentworth-Douglass Hospital, appeals from an order of the Superior Court (*Dickson,* J.) dismissing its petition for writ of certiorari for lack of timely filing. We affirm.

The relevant facts of this case are not in dispute. On August 17, 1984, Benjamin Long shot himself in the head while fleeing from the New Hampshire State Police. Due to the nature of his injuries, Mr. Long was eventually transferred to the Wentworth-Douglass Hospital, where he died on November 27, 1984, owing the plaintiff medical bills in the sum of $45,498.08.

An application for medical assistance made on behalf of Mr. Long was denied by the New Hampshire Division of Welfare, and the plaintiff appealed to the office of fair hearings. Following a hearing held on May 14, 1985, the fair hearings officer upheld the decision denying the requested medical assistance.

On July 18, 1985, the plaintiff filed a petition for writ of certiorari with this court seeking review of the fair hearings officer's decision. On October 9, 1985, we denied the petition "without prejudice to petitioner's right to petition the superior

court." *Petition of Wentworth-Douglass Hospital,* No. 85-338 (October 9, 1985). The plaintiff then filed its petition for writ of certiorari with the superior court on December 12, 1985, more than sixty days after this court's denial of the plaintiff's original petition.

The plaintiff offered the following explanation for its delay in filing. Between the date of our order and the date of the plaintiff's subsequent petition to the superior court, the plaintiff learned that the State Police, at the time of Long's arrest, had confiscated a large amount of cash, personal property, and contraband, estimated to be worth as much as $110,000. Plaintiff's counsel also learned that a hearing to address claims against this property had been scheduled in Concord District Court for September 9, 1985. Judging that the value of the confiscated property might be adequate to cover the cost of Long's debt, the plaintiff intervened in the district court proceeding. The September hearing was continued to November 12, 1985, and on November 11 was again continued for three months.

When the plaintiff then filed its December 12 petition, the State moved to dismiss it on the ground that it was untimely filed. Following oral argument, the Superior Court (*Dickson,* J.) granted the State's motion and subsequently denied the plaintiff's motion to reconsider.

The trial court found that the plaintiff's delay of over sixty days in filing its petition with the superior court barred review of that petition as untimely filed. Relying on our holding in *Chauffeurs Local Union No. 633 v. Silver Brothers, Inc.,* 122 N.H. 1035, 453 A.2d 1292 (1982), the trial court in its order stated that "*any petition* for review of a decision of a state administrative body *must* be filed within 30 days of that order . . . unless the body's statutory review procedure provides otherwise," and that the court "no longer has discretion to consider the circumstances . . . and excuse [the delay.]" (Emphasis in original.) The court noted, however, the absence of circumstances excusing the plaintiff's delay.

 The sole means of obtaining judicial review of a fair hearings decision of the New Hampshire Division of Welfare is by a petition for writ of certiorari. *See Petition of Pelletier,* 125 N.H. 565, 568, 484 A.2d 1119, 1121 (1984). We have held that the appropriate period for filing a petition for writ of certiorari is to be determined by the appeal period set forth in a substantively analogous statute or situation. *Wilson v. Personnel Comm'n,* 117 N.H. 783, 784, 378 A.2d 1375, 1377 (1977). In *Chauffeurs Local supra,* we held that the thirty-day time limit imposed by RSA

541:6, which governs appeals from State administrative agencies, was the appropriate guideline for petitions for writ of certiorari from State administrative decisions. *Chauffeurs Local, supra* at 1037, 453 A.2d at 1293. Prior to *Chauffeurs Local,* we also applied a thirty-day rule in *Wilson supra,* and in *Wood v. General Electric Co.,* 119 N.H. 285, 402 A.2d 155 (1979). However, we applied it prospectively because "the procedural law in this area ha[d] previously not been clearly enunciated." *Wilson, supra* at 785, 378 A.2d at 1377. In light of *Chauffeurs Local,* however, the law relative to certiorari review of administrative decisions had been clearly enunciated at the time of the plaintiff's petition.

▮ The plaintiff argues that, even if we find the thirty-day rule applicable, we must apply it prospectively in this case because the law relative to the filing period for petitions for certiorari to the superior court, upon denial without prejudice in the supreme court, was not clear. Given our previous holdings, however, it was unreasonable for the plaintiff to assume that this court's denial without prejudice on October 9, 1985, granted the plaintiff an indefinite period of time in which to file in the superior court. *Cf. In re Doe,* 126 N.H. 719, 724, 495 A.2d 1293, 1297–98 (1985). In *Doe,* we held that, in light of the peculiar procedural posture of the case, the plaintiff's "at least . . . rudimentary attempt" to challenge an order within thirty days of the decision, despite his taking an improper course of action, and his subsequent petition for certiorari within thirty days of the disposition of his earlier challenge, were sufficient to preserve his petition as timely filed. *Id.* Where, as here, over sixty days elapsed between this court's order and the plaintiff's petition to the superior court, the trial court did not err in determining that the petition was untimely filed.

▮ Assuming *arguendo* that the trial court erred in interpreting *Chauffeurs Local* as a limit on its discretion to excuse a delay, any error could only have been harmless since the trial court specifically found "the absence of any apparent circumstances excusing the plaintiff's delay," and such a finding was based reasonably upon the record.

*Affirmed.*

All concurred.