Original
No. 93-683

PETITION OF CARL C. ELLIS & a.

December 28, 1993

MEMORANDUM OPINION

PER CURIAM. On October 14, 1993, the petitioners filed an appeal by petition purportedly pursuant to RSA 541:6 (1974) from a fair hearings decision of the New Hampshire Division of Human Services. Because of questions regarding the timeliness of the filing, the petitioners were ordered to file a memorandum on that issue. We conclude that the appeal should be treated as a petition for writ of certiorari, and dismiss it as untimely filed.

On August 2, 1993, the division of human services issued its fair hearings decision denying medical assistance benefits to Dorothy E. under the old age assistance program because her resources were

found to exceed the $2,500 resource limit. On Monday, August 23, the petitioners filed a motion for rehearing. The motion was denied on September 1. On September 16, the petitioners filed a second, "supplemental," motion for rehearing, which was denied on September 20. On October 14, the petitioners filed their "appeal" in this court.

■■ The sole means of obtaining judicial review of a fair hearings decision of the division of human services is by a petition for writ of certiorari. *See Wentworth-Douglass Hosp. v. N.H. Dept. of Health & Welfare*, 131 N.H. 364, 366, 553 A.2d 311, 312 (1988). Although the petitioners have mistaken their remedy by filing an appeal under RSA chapter 541, we will treat the appeal as a petition for writ of certiorari. *Petition of Ann Crane*, 132 N.H. 293, 298, 564 A.2d 449, 452 (1989). The appropriate period for filing a petition for writ of certiorari from State administrative decisions is the thirty-day time limit imposed by RSA 541:6. *Wentworth-Douglass Hosp.*, 131 N.H. at 366–67, 553 A.2d at 312–13. Here, the decision that petitioners wish to appeal is dated August 2, 1993. We must determine whether the certiorari petition, filed on October 14, 1993, is timely.

■ We begin by considering the effect of the petitioners' first motion for rehearing. The petitioners cite no rule or statute of the division of human services that provides for rehearing motions to be filed after the issuance of fair hearings decisions, and for purposes of this opinion we shall assume that none exists. Even assuming that the petitioners erroneously moved for rehearing, we note that the division ruled upon the request by denying it, *see Appeal of Golding*, 121 N.H. 1055, 1058, 438 A.2d 292, 294 (1981), and that the rehearing motion was filed within twenty days after the decision of the division of human services, *see* RSA 541:3; Sup. Ct. R. 27(1) (in computing time, when last day is a Sunday the period shall extend until end of next day that is not a Saturday, Sunday, or legal holiday). We have recognized that administrative agencies should have a chance to correct their own alleged mistakes before time is spent appealing from them. *Appeal of White Mts. Educ. Ass'n*, 125 N.H. 771, 774, 486 A.2d 283, 286 (1984); *Petition of Gorham School Board*, 121 N.H. 878, 880, 436 A.2d 74, 76 (1981). In cases where no agency rule or applicable statute sets a different time limit for seeking rehearing or reconsideration of agency orders or decisions, that policy is furthered by permitting a petitioner, who files a motion for rehearing with a State administrative agency within the analogous twenty-day period set forth in RSA 541:3 and whose motion is acted upon on the merits by the agency, to thereafter file a certiorari petition within thirty days.

■ The petitioners did not, however, file their petition within thirty days after the motion for rehearing was denied. Rather, they filed a supplemental motion for rehearing, intended to "call the attention of the fair hearings tribunal to additional case[ ] law which is relevant to this matter." We conclude that such a motion does not extend the time for the filing of a certiorari petition from the agency's original decision. Looking to RSA chapter 541 as providing a substantively analogous situation, *see Wentworth-Douglass Hosp.*, 131 N.H. at 366, 553 A.2d at 312, we note that RSA 541:2 (1974) provides that an order or decision may be "the subject of *a* motion for rehearing or of an appeal" in the manner therein prescribed. (Emphasis added.) RSA 541:4 (1974) provides that the motion for rehearing shall set forth "every ground" upon which it is claimed that the decision or order is unlawful or unreasonable, indicating that all grounds that the complaining party wishes to assert must be stated in a single rehearing motion. RSA 541:6 plainly requires that the appeal be filed within thirty days after the application for a rehearing is denied.

■ We have generally interpreted Supreme Court Rule 7 in a similar fashion. For example, Superior Court Rule 74(b) provides that final judgment shall be entered "where *a* timely filed motion has been filed after verdict or decree, on the thirty-first day from the date on the Clerk's written notice that the Court has taken action on *the* motion." (Emphasis added.) Supreme Court Rule 7(1) provides that timely filed post-trial motions stay the running of the appeal period for all parties to the case, while untimely filed post-trial motions do not unless the untimeliness is waived within the appeal period by the lower court. Thus, when a party files a motion to reconsider a superior court decree within ten days pursuant to Superior Court Rule 59-A(1), entry of judgment in the superior court is delayed, and the running of the appeal period is stayed, until the motion is decided. *See also* SUPER. CT. R. 73 (ten days to file motion to set aside verdict). Thereafter, pursuant to Superior Court Rule 74, final judgment will enter thirty-one days later unless an appeal is filed. If a second motion for reconsideration is filed from the denial of the first reconsideration order, the second motion will not be a timely-filed post-trial motion, *see, e.g.*, SUPER. CT. R. 59-A(1) (a motion for post-decision relief shall be filed within ten days of the notice of the decision), and will not prevent the entry of final judgment pursuant to Superior Court Rule 74. Thus, an appeal that is filed in this court within thirty days of the denial of the second reconsideration motion, but not filed within thirty days of the denial of the first mo-

tion for reconsideration, will be untimely to the extent that it seeks to appeal from the original superior court decision.

The petitioners rely upon *Appeal of Golding*, 121 N.H. 1055, 438 A.2d 292, as support for excusing their late filing. The court in *Golding* excused the delay caused by the appellant's erroneous application for a rehearing before the personnel commission. The court specifically stated, however, that the plaintiffs filed their appeals to this court within thirty days of the denial of the application for rehearing. The petitioners in this case failed to do the same.

*Petition dismissed.*

All concurred.

*Donald M. Redden,* of·Derry, for the petitioners.