Grafton
No. 94-058

BRUCE KING

v.

TOWN OF HANOVER

July 14, 1995

*Clauson & Smith,* of Hanover (*K. William Clauson* on the brief and orally), for the plaintiff.

*Ransmeier & Spellman, P.C.,* of Concord (*Charles P. Bauer* and *Kristin E. Martin* on the brief, and *Ms. Martin* orally), for the defendant.

HORTON, J. The issue before this court is whether the Superior Court (*O'Neill,* J.) erred by dismissing the plaintiff's petition in equity on the ground that it was not timely filed. We affirm in part, reverse in part, and remand.

The defendant, the Town of Hanover (town), suspended the plaintiff, Bruce King, for seven days from his job driving heavy equipment for the town department of public works and placed him on probation for ninety days following his return to work. The town alleged that he violated town personnel policy by negligently and willfully destroying town property and by refusing to carry out the directions of a supervisor. The plaintiff, maintaining that he was

disciplined in retaliation for his complaints that he was sexually harassed on the job by his supervisor, appealed the disciplinary decision. He contends that "[g]iven the nature of the suspension and probation, the Town's action essentially constituted discharge." At his appeal hearing before the town manager, the plaintiff asked to have a stenographer present, at his own expense. The request was denied and the plaintiff refused to participate. The town manager marked the case "appeal withdrawn." The town personnel policy manual did not specify an appeal period.

Fifty-six days later, the plaintiff brought a petition in equity in the superior court seeking: (1) a declaration that the town had violated his State and federal constitutional rights to due process and his contractual rights to procedural fairness as set forth in the town personnel policy manual; (2) reinstatement as a heavy equipment operator; (3) backpay; (4) damages; and (5) attorney's fees and costs. The town moved to dismiss for failure to state a claim upon which relief can be granted. The superior court instead dismissed the petition on the basis that the thirty-day limitation period of RSA 541:6 (1974) applied, by analogy, to the plaintiff's claims. On appeal, the plaintiff argues that: (1) his constitutional and contractual claims against the town are not subject to the thirty-day limitation period of RSA 541:6; and (2) the limitation period applicable to his petition is the three-year limitation period for personal actions established by RSA 508:4 (1983 & Supp. 1986).

The trial court granted the defendant's motion to dismiss because it found that the plaintiff's petition was not timely filed. Applying the rule that where an appeal period is not specified the court may borrow one from an analogous cause of action, *Wilson v. Personnel Comm'n,* 117 N.H. 783, 784, 378 A.2d 1375, 1377 (1977), the trial court determined that the thirty-day statute of limitations for appeals from certain administrative agencies set forth in RSA 541:6 governed, by analogy, the plaintiff's petition. The court also determined that the law regarding a thirty-day appeal period for certiorari review of administrative decisions is well enough established to be applied fairly to current cases, *Wentworth-Douglass Hosp. v. N.H. Dept. of Health & Welfare,* 131 N.H. 364, 366–67, 553 A.2d 311, 312-13 (1988). Finally, the court noted that "the plaintiff has offered no explanation of circumstances to justify his delay in filing such that the Court could find his actions to have been taken within a reasonable period."

We agree that because the plaintiff failed to show that his late filing was excused for good cause, RSA 541:6, by analogy, provides an appropriate limitation period for those claims in his petition that are properly construed as an appeal of the town's administrative proceeding, *see Wilson,* 117 N.H. at 784, 378 A.2d at 1377. Claims that are not an appeal of the administrative action, however, are not

subject by analogy to RSA 541:6. We also agree that the law is well enough established to be applied to the instant case. *See Wentworth-Douglass Hosp.*, 131 N.H. at 366–67, 553 A.2d at 312.

■ The plaintiff argues that his petition in equity asserts constitutional and contractual claims against the town that are not subject to RSA 541:6. Specifically, the plaintiff's petition asserts that the town violated his State and federal constitutional rights to procedural fairness by denying his request to have a stenographer at his appeal hearing. We note that the plaintiff has filed a complaint in the United States District Court for the District of New Hampshire alleging several federal civil rights claims, including deprivation of his due process rights pursuant to 42 U.S.C. § 1983 (1988). In his brief to this court, the plaintiff similarly asserts that his constitutional claims to procedural fairness are analogous to a federal civil rights action and that a stenographic record of his hearing is essential to due process. These constitutional claims would be subject to the three-year statute of limitations for personal actions, RSA 508:4, rather than the thirty-day limitation period of RSA 541:6. *See Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 198 (1st Cir. 1987) (New Hampshire statute of limitations analogous to federal civil rights action is RSA 508:4).

■ The plaintiff also asserts that under the town's personnel policy manual he has contractual rights to a fundamentally fair hearing before the town manager with a stenographic record of his complaint of sexual harassment and retaliatory discharge. This claim would also be subject to the general three-year statute of limitations for personal actions, RSA 508:4, rather than the thirty-day limitation period of RSA 541:6 applicable to appeals from certain administrative agencies. *See Black Bear Lodge v. Trillium Corp.*, 136 N.H. 635, 638, 620 A.2d 428, 430 (1993).

To the extent that the plaintiff has alleged constitutional or contractual claims, the trial court erred in dismissing them as untimely. We express no opinion as to the merits of any claims advanced by the plaintiff in his petition in equity and hold only that constitutional and contractual claims relating to procedural due process and procedural fairness would be subject to RSA 508:4 rather than RSA 541:6.

*Affirmed in part; reversed in part; remanded.*

JOHNSON, J., did not sit; the others concurred.