Manchester Mfg. Acquisitions v. Sears CV-91-752-SD  06/10/96

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


<u>Manchester Manufacturing</u>
 <u>Acquisitions, Inc., et al.</u>


        v.                                  Civil No. 91-752-SD


<u>Sears, Roebuck & Co., et al.</u>



                              O R D E R


     Defendants move to bar the plaintiffs from making

applications for writ of execution and/or other enforcement

procedures until judgment herein is finalized after expiration of

defendants' appellate rights.  Document 235.  Plaintiffs object.

Document 240.

     Rule 69(a), Fed. R. Civ. P., provides in relevant part that

enforcement of judgments and executions "shall be in accordance

with the practice and procedure of the state in which the

district court is held, existing at the time the remedy is

sought."[1]  The rule requires application of those provisions of

_____

     [1]Rule 69(a) provides,

          Process to enforce a judgment for the payment of
          money shall be a writ of execution, unless the
          court directs otherwise.  The procedure on
          execution, in proceedings supplementary to and in

state law (as distinguished from general state procedural law) which specifically govern the enforcement of judgments.  <u>Apparel Art Int'l, Inc. v. Amertex Enters., Ltd.</u>, 48 F.3d 576, 582 (1st Cir. 1995); <u>see</u> <u>Gabovitch v. Lundy</u>, 584 F.2d 559, 560-61 (1st Cir. 1978).

Invoking Rule 69(a), <u>supra</u>, defendants point to what they claim is a relevant state statute, New Hampshire Revised Statutes Annotated (RSA) 527:1 (Supp. 1995), which provides, "No execution shall issue until the expiration of the appeal period."[2] Plaintiffs construe the statutory term "appeal period" to include the full appellate process through the issuance of final decision by the last appellate court vested with jurisdiction over the appeal.

---

aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.  In aid of the judgment or execution, the judgment creditor or a successor in interest, when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

[2]RSA 527:1 (Supp. 1995) became effective on January 1, 1996. Its predecessor statute forbade the issuance of executions until the expiration of 24 hours after rendition of judgment. <u>See</u> Former RSA 527:1.

2

Plaintiffs misconstrue the meaning of the term "appeal period". Undefined in the statute, it has nevertheless been construed by the New Hampshire Supreme Court, in the context of both Superior Court Rule 74[3] and Supreme Court Rule 7[4] as the period of time required for the perfection of an appeal to the court. See Petition of Ellis, 138 N.H. 159, 161, 636 A.2d 62, 63 (1993); Germain v. Germain, 137 N.H. 82, 84, 623 A.2d 760, 761 (1993).

In the instant case, defendants have perfected their appeal by filing of a timely notice of appeal to the Court of Appeals for the First Circuit. Nothing in state law, as made applicable by Rule 69(a), Fed. R. Civ. P., now serves to prevent plaintiffs from seeking writs of execution or other enforcement prior to the final decision of the pending appeal.[5] Accordingly, the defendants' motion must be and it is herewith denied.

---

[3]New Hampshire Superior Court Rule 74 governs the entry of judgments in that court, generally 31 days after verdict or equitable decree absent the filing of post-judgment motions, or 31 days after action on any such post-judgment motions.

[4]New Hampshire Supreme Court Rule 7 governs the methodology of perfecting an appeal from a lower court decision on the merits.

[5]The court ventures no opinion on the ability of plaintiffs to enforce the judgment against the defendants, Canadian residents, the law of whose residence prevents enforcement of executions until appeals are finally determined. See Order of June 4, 1996, document 237, at 5.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

June 10, 1996

cc:    Randall F. Cooper, Esq.
       John L. Putnam, Esq.
       Steven J. Kantor, Esq.
       Kenneth H. Merritt, Esq.
       James P. Bassett, Esq.
       Eugene J. Kelley, Jr., Esq.