**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0618, <u>Richard P. Cassidy v. New Hampshire Department of Health and Human Services</u>, the court on May 12, 2016, issued the following order:**

Upon review of the trial court's order of April 21, 2016 (remand order), we grant the plaintiff's motion to supplement the record with the copy of the complaint bearing the crossed-out date stamp marking of June 10, 2015.  The "record" includes "[t]he papers . . . filed and considered in the proceedings in the trial court."  <u>Sup. Ct. R.</u> 13(1).  "[T]he completed act of 'filing' includes physical receipt of the document by the relevant authority before the close of business."  <u>Cardinal Dev. Corp. v. Town of Winchester Zoning Bd. of Adjustment</u>, 157 N.H. 710, 714 (2008).  The trial court's findings in the remand order establish that: (1) it received the complaint on June 10, 2015; (2) it administratively rejected the complaint by letter dated June 11, 2015, because the plaintiff had not submitted the filing fee of $260, and because he had not provided an original and two copies of it; and (3) the plaintiff cured the defective filing by re-filing the identical complaint on June 18, 2015, with a motion to waive the filing fee.  Because the complaint bearing the crossed-out date stamp marking was physically received and considered by the trial court, it is part of the record under Rule 13(1).

Having considered the plaintiff's brief, the defendant's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  The plaintiff, Richard P. Cassidy, appeals an order of the Superior Court (<u>McNamara</u>, J.) dismissing his complaint seeking to challenge a decision of the defendant, the New Hampshire Department of Health and Human Services (department), to deny his application for cash benefits under the aid to the permanently and totally disabled program.  <u>See</u> RSA 167:6, VI (2014).  The trial court ruled that the plaintiff failed to file the complaint within the thirty-day appeal period of RSA 541:6 (2007).  We reverse and remand.

At the outset, we note that the department asserts, and the plaintiff does not dispute, that his complaint should be construed as a petition for certiorari.  <u>See</u> <u>Petition of Kilton</u>, 156 N.H. 632, 637 (2007) (stating that review of fair hearings decisions issued by the department is by petition for certiorari).  The department further argues that a failure to strictly comply with RSA 541:6 deprives the trial court of jurisdiction over the petition.  We disagree.

In <u>Appeal of Carreau</u>, 157 N.H. 122, 123-24 (2008), we held that strict compliance with RSA 541:6 is a jurisdictional requirement <u>in appeals governed</u>

by RSA chapter 541, reasoning that the legislature explicitly required all RSA chapter 541 appeals to be brought within the limitations period of RSA 541:6, and that "compliance with a statutory appeal period is a necessary prerequisite to establishing jurisdiction in the appellate body," id. at 123 (quotation and emphasis omitted). Unlike an appeal pursuant to RSA chapter 541, however, "[t]here is no statutory provision setting any time limit during which an aggrieved party must file his certiorari petition." Wilson v. Personnel Comm'n, 117 N.H. 783, 784 (1977). Rather, the court has discretion to dismiss such a case if it is brought after an unreasonable period of time. See Chauffeurs Local Union No. 633 v. Silver Bro's, Inc., 122 N.H. 1035, 1037 (1982).

In determining what constitutes a "reasonable" time period, we look for guidance to any appeal period under a substantively analogous statute. See id.; Wilson, 117 N.H. at 784. Accordingly, we have held that the thirty-day limitations period of RSA 541:6 is the appropriate period for filing a certiorari petition challenging a State administrative decision that is not otherwise appealable under RSA chapter 541. See Petition of Ellis, 138 N.H. 159, 160 (1993); Wentworth-Douglass Hosp. v. N.H. Dept. of Health & Welfare, 131 N.H. 364, 366-67 (1988); Chauffeurs Local, 122 N.H. at 1037; Wilson, 117 N.H. at 785. However, we have not held that strict compliance with RSA 541:6 is jurisdictionally required for petitions for certiorari. See Appeal of Golding, 121 N.H. 1055, 1057-58 (1981) (noting that a certiorari petition is not "strictly governed by the thirty-day limit in RSA 541:6"). Indeed, we have observed that "[a] party petitioning for relief after the expiration of such an analogous statutory appeal period would be acting within a reasonable time only if there were circumstances excusing the delay." Wilson, 117 N.H. at 785. Compare Ellis, 138 N.H. at 161-62 (rejecting argument that filing an unauthorized motion for rehearing excused delay in filing certiorari petition because the petitioner did not file the petition within thirty days of denial of the motion), with Golding, 121 N.H. at 1057-58 (excusing delay caused by unauthorized motion for rehearing where the personnel commission acted on the motion and the plaintiffs filed certiorari petition within thirty days of denial).

In this case, the department asserts, and the trial court found, that the thirty-day period under RSA 541:6 expired on June 11, 2015. As noted above, the trial court's findings in the remand order establish that it received the complaint on June 10, 2015, within the thirty-day period. Nevertheless, it ruled that the plaintiff did not timely file the complaint, but only "attempted to file" it on June 10, because he did not pay the $260 filing fee as was required by Superior Court Civil Rule 4(b). According to the trial court, although the plaintiff re-filed the identical complaint with a motion to waive the fee on June 18, 2015, "the rules relating to commencement of an action exist to establish a bright line rule for determining when an action is commenced for purposes of the statute of limitations and are not subject to waiver." Thus, "the Complaint was not timely filed within the 30 days permitted for [a certiorari petition] because the statute of limitations ran on June 11, [2015], prior to filing of a Complaint which conformed to the Superior Court Rules on June 18, [2015]."

2

Even if we were to assume, without deciding, that the June 10 filing did not satisfy RSA 541:6, but see Super. Ct. Civ. R. 4(b) ("For purposes of complying with the statute of limitations, an action shall be deemed commenced on the date the Complaint is filed."), this case was "not strictly governed by the thirty-day limit in RSA 541:6, but rather [by] the 'reasonable time' restriction" articulated by Wilson and its progeny. Golding, 121 N.H. at 1057 (citation omitted). The trial court, however, did not consider whether "there were circumstances excusing" the seven-day delay between June 11 and June 18, Wilson, 117 N.H. at 785, but instead strictly applied RSA 541:6 as if it were a governing statute of limitations, rather than "the appropriate guideline" for determining whether the plaintiff brought the action within a reasonable period of time, Wentworth-Douglass Hosp., 131 N.H. at 367. This was erroneous as a matter of law.

Although we ordinarily would direct the trial court to determine whether circumstances excused the delay so as to establish that the plaintiff brought the complaint within a reasonable time, we conclude that the record compels a finding that there were such circumstances. The record establishes that the plaintiff filed his complaint on June 10, 2015, within the thirty-day period of RSA 541:6. The record further establishes that the court notified the plaintiff, by mail, on the final day of the thirty-day period that it was rejecting the complaint, which challenged the denial of need-based cash benefits, because he had not paid a $260 filing fee required by Rule 4(b). The trial court's letter did not notify the plaintiff that he could file a motion to waive the fee if he could not afford it, and nothing in Rule 4 advised the plaintiff that he could comply by filing a motion to waive the fee. However, on June 19, 2015, the trial court granted the plaintiff's June 15, 2015 motion to waive the filing fee, waiving all but $5 of the fee and implicitly determining that he could not afford the fee. The trial court docketed the complaint, which was identical to the complaint the plaintiff filed on June 10, as of June 18, 2015, only seven days after the thirty-day period expired. Under these circumstances, it would be unwarranted to deny the plaintiff any access to judicial review "simply because he did not respond with greater sophistication to the incongruity" of Rule 4(b) with his personal financial situation as found by the trial court. See In re Doe, 126 N.H. 719, 724 (1985). Accordingly, we conclude that the plaintiff filed his complaint within a reasonable period of time as a matter of law, and remand for further proceedings consistent with this order.

Reversed and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3