**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0278, <u>Robert McNamara v. New Hampshire Retirement System</u>, the court on January 27, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Robert McNamara, appeals an order of the Superior Court (<u>McNamara</u>, J.) granting a motion of the respondent, New Hampshire Retirement System (NHRS), to dismiss his petition for declaratory and injunctive relief on grounds that he did not timely file the petition, and that the petition failed to state a claim upon which relief may be granted. We affirm.

In reviewing an order granting a motion to dismiss, we assume the truth of the facts alleged in the petitioner's pleadings and construe all reasonable inferences from those facts in the light most favorable to the petitioner. <u>See</u> <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 711 (2010). We likewise consider documents that are attached to the pleadings, that are referred to in the pleadings, or that are official public records. <u>See</u> <u>id</u>. We do not, however, credit allegations that are merely conclusions of law. <u>See</u> <u>id</u>.

The pleadings and documents submitted in this case establish that the petitioner is a group II member of NHRS who has been receiving retirement benefits since 2001. He applied for retirement on June 20, 2001, following a March 2001 settlement of an employment dispute. Effective August 1, 2001, NHRS granted him vested deferred retirement. <u>See</u> RSA 100-A:10, II (2013). By letter dated September 5, 2001, the petitioner asserted that he was entitled to service retirement, <u>see</u> RSA 100-A:5, II (2013), that NHRS had improperly excluded a "medical subsidy benefit," that NHRS had not credited him with the correct amount of service credit, and that his prior employer "was supposed to make [him] 'whole.'" NHRS responded on October 15, 2001, explaining that, because his prior employer certified that he had terminated his employment on February 4, 2001, he was not "in service" as of June 20, 2001, and was not, therefore, entitled to service retirement or a medical subsidy. NHRS also notified the petitioner that, if he was aggrieved, he had forty-five days to request a hearing. <u>See</u> <u>N.H. Admin. Rules</u>, Ret 204.01(b).

On November 8, 2001, the petitioner provided NHRS with an amendment to the stipulation that had resolved his employment dispute, changing the effective date of his resignation from February 4 to June 20, 2001. On November 17, 2001, his prior employer submitted documentation clarifying

that a $31,042.69 payment to him in April 2001 was attributable to three weeks in June 2001, and to a period of time prior to February 2001 during which he had been suspended without pay, and that his last date of employment was June 20, 2001. On November 29, 2001, NHRS issued a revised notice of retirement, granting the petitioner service retirement, and increasing his creditable service by six months. The petitioner did not challenge this decision within forty-five days pursuant to Ret 204.01(b).

By letter dated April 28, 2015, the petitioner requested that NHRS review his file and "correct" alleged underpayments of his pension. Specifically, he asserted that NHRS had underpaid his pension by: (1) failing to include the $31,042.69 payment in calculating his retirement benefits; (2) erroneously calculating his average final compensation, see RSA 100-A:1, XVIII (Supp. 2016); (3) miscalculating his creditable service, see RSA 100-A:4 (Supp. 2016); and (4) failing to "properly credit" him with an additional severance payment of $31,000 that he claimed his prior employer still owed him under the terms of the 2001 settlement. Additionally, he sought reimbursement from NHRS for out-of-pocket expenditures he had made for health insurance between September 2000 and November 2001.

On May 26, 2015, NHRS responded to the petitioner's April 28 request, noting that it had reviewed his file in response to a similar request in April 2006. NHRS represented that, "[f]ollowing another extensive review of [the petitioner's] file," it had confirmed that it had correctly calculated his benefit in 2001. NHRS noted that, in accordance with the November 17, 2001 letter from his prior employer, it had treated June 20, 2001 as the petitioner's termination date, and had accounted for the $31,042.69 payment.

On June 22, 2015, the petitioner filed a "Petition to the Hearings Examiner" with NHRS, seeking to "appeal[] the [May 26, 2015] decision that his benefits have been properly calculated and no underpayments are due." On July 7, 2015, a hearings examiner responded to the petition, explaining that, absent good cause, the petitioner had only forty-five days from November 29, 2001 under Ret 204.01 to appeal the calculation of his retirement benefit, and that the May 26, 2015 NHRS determination that it had correctly calculated his benefit in 2001 was not a "decision of the retirement system under RSA 100-A" for purposes of Ret 204.01. The hearings examiner gave the petitioner until July 17, 2015, to demonstrate good cause. See N.H. Admin. Rules, Ret 201.09.

On July 16, 2015, the petitioner requested that the hearings examiner reconsider the June 22, 2015 decision, asserting that he was "required to be made whole regarding his retirement benefits" under the 2001 settlement, that the forty-five day deadline had not previously been communicated to him, and that NHRS owed a fiduciary duty to calculate his benefits accurately. By letter dated July 27, 2015, the hearings examiner denied the petition, finding that the petitioner had not demonstrated good cause and, thus, that the appeal was

2

untimely.  See id.  The hearings examiner noted that, although the November 29, 2001 revised notice of retirement had not advised the petitioner of the appeal deadline, NHRS had notified him of the deadline in its October 15, 2001 correspondence.  The hearings examiner further observed that NHRS was not a party to his settlement agreement and, thus, was not bound by it.

On August 10, 2015, the petitioner requested that NHRS "change . . . its position regarding" his petition.  He asserted that he had never received the October 15, 2001 NHRS letter.  He further argued that he had not received the same retirement counseling from NHRS that his prior colleagues had received.  By letter dated August 28, 2015, the hearings examiner declined to reconsider the decision, noting that NHRS's file showed that it had sent the October 15, 2001 letter both to the petitioner and to his counsel, and that the amount of retirement counseling he received was irrelevant.

The petitioner filed the present matter in superior court on October 26, 2015, seeking a declaratory judgment "that [he] is entitled to appeal NHRS' decision dated May 26, 2015," and an injunction requiring NHRS "to fully adjudicate . . . the merits [of his] Petition," and "to fully and completely respond to all issues raised in" his April 28, 2015 request that it review his file and correct alleged underpayments.  NHRS moved to dismiss, arguing that the sole judicial remedy available to the petitioner was a writ of certiorari, that if the court construed the petition as seeking certiorari, it was untimely under Wentworth-Douglass Hosp. v. N.H. Dep't of Health & Welfare, 131 N.H. 364, 366-67 (1988), and that if the court reached the merits of the petition, NHRS had acted reasonably in denying the appeal on timeliness grounds.  Following a hearing, at which the trial court indicated that it would treat the petition as a petition for a writ of certiorari, the trial court granted the motion to dismiss "for the reasons stated in the motion."  This appeal followed.

On appeal, the petitioner argues that, regardless of the forty-five day appeal period under Ret 204.01, pursuant to RSA 100-A:27 (2013), NHRS has ongoing power to correct errors in its calculation of retirement benefits, and a fiduciary duty to correct any underpayment.  According to the petitioner, Ret 204.01 does not limit his right to have the May 26, 2015 NHRS decision reviewed on its merits, and the hearings examiner's "refusal to process" his appeal constituted a breach of NHRS's fiduciary obligations.  He further argues that, because NHRS owes him retirement benefits each month, each alleged underpayment represents a new "breach of contract" for purposes of analyzing the timeliness of his claim.  Finally, he argues that the parties' dispute over his right to an administrative appeal of the May 26, 2015 NHRS decision falls within the parameters of the declaratory judgment statute.

"Because RSA chapter 100-A does not provide for judicial review, a writ of certiorari is the sole remedy available to a party aggrieved by a decision of the NHRS."  Petition of Malisos, 166 N.H. 726, 728 (2014) (quotation omitted).

A petition for a writ of certiorari provides for judicial review of an administrative decision when no statute otherwise provides for judicial review of the decision. Jaskolka v. City of Manchester, 132 N.H. 528, 531 (1989). A declaratory judgment, by contrast, is available when a party claims a present legal or equitable right or title to which another party claims adversely. See id.; RSA 491:22 (Supp. 2016). A party who has failed to timely pursue an administrative appeal may not circumvent the administrative appeal process by characterizing an appeal as a timely request for declaratory relief. See Prop. Portfolio Group v. Town of Derry, 154 N.H. 610, 617-18 (2006) (holding that declaratory judgment was unavailable to a party seeking to challenge planning board's exercise of administrative discretion in granting site plan determination after deadline for filing an administrative appeal had passed).

Viewing the allegations in this case most favorably to the petitioner, we agree with NHRS that the petitioner did not assert a present legal or equitable right or title. Here, the hearings examiner specifically denied the petitioner's appeal on the basis that it was, in substance, an untimely challenge to his 2001 retirement benefit calculation. Thus, NHRS has already rendered a decision adverse to the petitioner, which he now seeks to challenge. Under these circumstances, certiorari review is appropriate. Cf. Jaskolka, 132 N.H. at 531 (holding that trial court properly characterized petition as seeking certiorari review rather than declaratory judgment because plaintiff challenged an administrative decision that she was not entitled to certain benefits rather than claimed that she possessed those benefits presently and was threatened with their loss). Accordingly, the trial court properly treated the petition as seeking certiorari review. See Petition of Ellis, 138 N.H. 159, 160 (1993).

Likewise, we agree with NHRS that the superior court petition was untimely. The trial court may dismiss a petition seeking certiorari review of an administrative decision brought after an unreasonable period of time. See Chauffeurs Local Union No. 633 v. Silver Bro's, Inc., 122 N.H. 1035, 1037 (1982). In determining what constitutes a "reasonable" time period, we look to any appeal period under a substantively analogous statute for guidance. See id.; Wilson v. Personnel Comm'n, 117 N.H. 783, 784 (1977). Accordingly, we have held that the thirty-day limitations period of RSA 541:6 (2007) is the appropriate period for filing a certiorari petition challenging a State administrative decision that is not otherwise appealable under RSA chapter 541. See Ellis, 138 N.H. at 160; Wentworth-Douglass Hosp., 131 N.H. at 366-67; Chauffeurs Local, 122 N.H. at 1037; Wilson, 117 N.H. at 785. We have specifically applied this appeal period to a certiorari petition challenging a decision of NHRS. See Petition of Goffstown Educ. Support Staff, 150 N.H. 795, 798-99 (2004). "A party petitioning for relief after the expiration of such an analogous statutory appeal period would be acting within a reasonable time only if there were circumstances excusing the delay." Wilson, 117 N.H. at 785.

4

In this case, the petitioner filed his superior court petition on October 26, 2015, fifty-nine days after the hearings examiner declined to reconsider the July 27, 2015 decision denying the petitioner's appeal.  Thus, the superior court petition would be timely only if there were circumstances excusing the delay—circumstances that are not present on this record.

To the extent the petitioner argues that NHRS is estopped from arguing that a declaratory judgment is unavailable and that the petition is untimely, we note that he did not raise estoppel in the trial court.  Accordingly, the argument is not preserved.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  Even if he had raised the argument, however, it is without merit.  The hearings examiner's denial of the appeal on the basis that the May 26, 2015 NHRS letter was not a "decision of the retirement system" under Ret 204.01, was itself an administrative decision subject to certiorari review.  See Jaskolka, 132 N.H. at 531.  Accordingly, NHRS did not assert a position that was inconsistent with the hearings examiner's decision merely by arguing that the hearings examiner's decision was subject to certiorari review.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

5