# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0087, <u>In the Matter of David Martin and Stephanie Pelley</u>, the court on January 31, 2020, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We dismiss the appeal as untimely. Accordingly, the motion to dismiss appeal is moot.

The petitioner, David Martin, appeals the November 20, 2018 order of the Circuit Court (<u>Kinghorn</u>, R., approved by <u>Introcaso</u>, J.), following a hearing, calculating his child support arrearage to be $4,556 and his support obligation to be $457 per month, less a social security disability income derivative payment of $351 per month, for an ongoing support obligation of $99 per month, plus $50 per month to be applied toward the arrearage. He argues that the court failed to fully credit him for a prior overpayment.

The record shows that on November 26, 2018, the petitioner moved for clarification and recalculation of the court's November 20 order, asserting that the court failed to calculate support from June 2013, when he first moved to modify child support, and that it failed to credit him $30,347 in child support paid between June 2013 and June 2016. The respondent, Stephanie Pelley, objected, asserting that the petitioner's motion sought "to bring up issues that were neither presented at the hearing nor in any pleading." The respondent also asserted that "the debt referenced by Petitioner was the subject of an adversarial proceeding in Respondent's chapter 7 bankruptcy and was discharged by the bankruptcy Court." By notice of decision dated December 6, 2018, the trial court denied the petitioner's motion, stating that its "reasoning is clearly set forth in the order of 11/20/2018."

On December 17, 2018, the petitioner moved to reconsider, asserting that portions of the trial court's December 6, 2018 handwritten order were illegible, and that the court, in its November 20 order, overlooked or misapprehended certain facts. The petitioner again argued that the court failed to calculate child support from June 2013 forward. On January 10, 2019, the trial court denied the motion, again stating that its "reasoning is clearly set forth in the order of 11/20/2018."

Based upon this record, we conclude that the trial court's November 20 order became final when a notice of appeal was not filed by January 7, 2019,

the thirtieth day after the clerk's December 6, 2018 notice of the court's order denying the petitioner's motion for clarification and recalculation. See Sup. Ct. R. 7 (time for filing appeal); Sup. Ct. R. 3 (defining "decision on the merits" to include decision on timely-filed post-trial motion); Sup. Ct. R. 27 (computation of time); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

The petitioner's motion to reconsider did not stay the running of the appeal period. See Sup. Ct. R. 7(1)(C) ("Successive post-decision motions filed by a party that is not a newly-losing party will not stay the running of the appeal period."); see also Petition of Ellis, 138 N.H. 159, 161-62 (1993). The petitioner did not move to allow late entry of his appeal. See Sup. Ct. R. 21(6) (noting that such motions are granted only upon a showing of exceptional circumstances). Accordingly, we conclude that the petitioner's February 11, 2019 notice of appeal, which seeks to appeal the November 20 order, is untimely.

We also note that even if the appeal were timely, we would conclude that the petitioner failed to provide a sufficient record for review. In the respondent's objection to the motion for clarification and recalculation, she asserted that the petitioner was raising "issues that were neither presented at the hearing nor in any pleading." It is the burden of the appealing party, here the petitioner, to provide this court with a record sufficient to decide the issues on appeal, as well as to demonstrate that the issues were raised in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). In his notice of appeal, the petitioner stated that a transcript of the hearing was necessary for the appeal. However, on September 6, 2019, he notified the court that he was opting to proceed without a transcript. Absent a transcript, we conclude that the record is insufficient to demonstrate that the petitioner raised his issues in the trial court. See id.

Dismissed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2