NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
No. 2021-0244

DANIEL J. BARUFALDI

v.

CITY OF DOVER

Argued: January 11, 2022
Opinion Issued: September 9, 2022

Douglas, Leonard & Garvey, P.C., of Concord (Benjamin T. King on the brief and orally), for the plaintiff.

Joshua M. Wyatt, city attorney, and Jennifer Perez, deputy city attorney, of Dover (Joshua M. Wyatt and Jennifer Perez on the brief, and Joshua M. Wyatt orally), for the defendant.

HANTZ MARCONI, J. The plaintiff, Daniel J. Barufaldi, appeals a decision of the Superior Court (Howard, J.) dismissing his complaint against the defendant, the City of Dover. The plaintiff asserts that the trial court erred in concluding that: (1) declaratory judgment was not an available theory of relief; and (2) the plaintiff was required to exhaust his administrative remedies prior to filing suit. We affirm.

The following facts are derived from the plaintiff's complaint and accompanying documentation and are assumed to be true for the purposes of this appeal. See Beane v. Dana S. Beane & Co., 160 N.H. 708, 711 (2010). The plaintiff was first hired as the Director of Economic Development for the Dover Business and Industry Development Authority (DBIDA) for a fixed term from March 2009 through February 2012. As a condition of his employment with DBIDA, the plaintiff was required to waive participation in the New Hampshire Retirement System (NHRS). After his initial term of employment expired in 2012, the plaintiff was reappointed for one-year extensions until 2017.

In 2017, the City created a new Director of Economic Development position and appointed the plaintiff to the position. Prior to executing a new employment agreement, the plaintiff asked the Dover City Manager if he would now be eligible to participate in the NHRS. The Dover City Manager informed the plaintiff that he was not eligible for enrollment in the NHRS because his employment contract was for "a fixed time period." Around March 2020, the plaintiff contacted the NHRS to inquire about his eligibility for enrollment. In July 2020, the NHRS notified the City that it was obligated to enroll the plaintiff in the NHRS. The City subsequently enrolled the plaintiff in the NHRS prospectively.

Thereafter, the plaintiff submitted a "request for cost calculation to purchase service credit" because of "employer enrollment oversight." (Capitalization omitted.) The NHRS administratively reviewed the request and determined, pursuant to RSA 100-A:3, VI(d)(1), that the plaintiff was partially at fault for the failure to be enrolled in the NHRS following his appointment in 2017 as Director and, therefore, ineligible to purchase service credit. It also determined that DBIDA was not an NHRS participating employer and that the plaintiff's employment contract with DBIDA waived any right to participate in the NHRS. In a letter dated August 4, 2020, the NHRS notified the plaintiff of its determination and informed him that he had 45 days in which to appeal the administrative decision by requesting a hearing before the agency. See N.H. Admin. R., Ret 204.01 (any member aggrieved by a decision of the retirement system under RSA chapter 100-A may request the commencement of an adjudicative proceeding by filing with the NHRS a written petition no later than 45 days after the date of notice of the decision). The plaintiff did not request such a hearing but, instead, filed a complaint in superior court.

In his complaint, the plaintiff asked the trial court to determine that he was eligible for enrollment in the NHRS as early as 2009 and requested that the court "order the City of Dover to obtain and pay for the actuary's statement within the meaning of RSA 100-A:3, VI, to determine the credit for prior service." The City moved to dismiss, asserting, inter alia, that declaratory relief is not available for the plaintiff because: (1) the doctrine of primary jurisdiction

requires that the issue be decided by the NHRS in the first instance; and (2) the plaintiff failed to exhaust his administrative remedies. The trial court granted the City's motion, finding that: (1) declaratory judgment was not "an available theory as a matter of law" and, therefore, the plaintiff's "only potential avenue for relief [was] a writ of certiorari from the decision of the NHRS"; and (2) the plaintiff failed to exhaust his administrative remedies. The trial court further determined that, even if it were to construe the complaint as a request for a writ of certiorari, the request was not timely filed. The court subsequently denied the plaintiff's motion for partial reconsideration.

II

In reviewing an order granting a motion to dismiss, we assume the truth of the facts as alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to the plaintiff. Beane, 160 N.H. at 711. The standard of review in considering a motion to dismiss is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. Id. This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law. Id. The trial court may also consider documents attached to the plaintiff's pleadings, or documents, the authenticity of which are not disputed by the parties, official public records, or documents sufficiently referred to in the complaint. Id. We will uphold the granting of the motion to dismiss if the facts pled do not constitute a basis for legal relief. Id.

The plaintiff asserts that the trial court erred in determining that he was barred from seeking a declaratory judgment. He argues that declaratory judgment is the "appropriate vehicle" for his case because it "satisfies all the requirements for a declaratory judgment proceeding." (Capitalization and bolding omitted.) Specifically, he argues that because the question presented is one of law rather than fact, it is a matter "for a court to decide, not an agency."

Here, the plaintiff filed the "request for cost calculation to purchase service credit" because of "employer enrollment oversight" under RSA 100-A:3, VI(d)(1). The NHRS denied the plaintiff's request, finding that he was partially at fault within the meaning of the statute. Because RSA chapter 100-A does not provide for judicial review, see RSA ch. 100-A (2013 & Supp. 2021), a writ of certiorari is the sole remedy available to a party aggrieved by a decision of the NHRS. Petition of Malisos, 166 N.H. 726, 728 (2014). Such review on a petition for certiorari is constrained and does not afford a de novo declaration of rights. See, e.g., Petition of Chase Home for Children, 155 N.H. 528, 532 (2007) ("Our review of an administrative agency's decision on a petition for certiorari is limited to determining whether the agency has acted illegally with respect to jurisdiction, authority or observance of the law or has unsustainably exercised its discretion or acted arbitrarily, unreasonably or capriciously.") Thus, the trial court did not err in determining that "[a] declaratory judgment

3

action [was] not an available theory as a matter of law" and that "a writ of certiorari" was the plaintiff's "sole remedy." See Jaskolka v. City of Manchester, 132 N.H. 528, 531 (1989).

Likewise, we conclude that the trial court did not err in determining that, even if it were to construe the complaint as a request for writ of certiorari, the request was untimely. The trial court has the discretion to dismiss a petition for writ of certiorari that is not filed within a reasonable period of time. See Chauffeurs Local Union No. 633 v. Silver Bro's, Inc., 122 N.H. 1035, 1037 (1982). A reasonable period of time for filing a request for a writ of certiorari is determined by the appeal period set forth in a substantively analogous statute or situation. Wentworth-Douglass Hosp. v. N.H. Dept. of Health & Welfare, 131 N.H. 364, 366 (1988). We have held that the thirty-day time limit imposed by RSA 541:6 (2021), which governs appeals from State administrative agencies, is the appropriate guideline for petitions for writ of certiorari from State administrative decisions. See id. at 366-67; see also Petition of Goffstown Educ. Support Staff, 150 N.H. 795, 798-99 (2004) (applying the thirty-day limitations period to a certiorari petition challenging a decision of the NHRS). The plaintiff in this case filed his complaint approximately three months after the NHRS decision — well outside of this thirty-day window. Thus, the trial court did not unsustainably exercise its discretion in dismissing the complaint as untimely.

Because we affirm the trial court's conclusion that declaratory judgment was not an available remedy in this case, we need not address the plaintiff's argument that he was not required to exhaust his administrative remedies prior to bringing such an action. We have reviewed the plaintiff's remaining arguments and determine that they are without merit and do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, and DONOVAN, JJ., concurred.

4